## EX PARTE LARKIN REYNOLDS.

*No. 920.    Decided February 12th, 1896.*

**1.    Indictment—Jurisdiction of District Court—Due Process of Law.**

An indictment found and returned by a grand jury composed of more than twelve men is absolutely void, under provisions of section 10 of the bill of rights, and Section 13, Article 5 of the Constitution.    An indictment, to give the District Court jurisdiction, must be the act of a legally constituted grand jury, and an indictment found by an illegal grand jury is not due process of law in this State.    Following, Lott v. State, 18 Tex. Crim. App., 627.

**2. Same—Void and Voidable Conviction.**

A conviction of a party upon an indictment found by a grand jury composed of fourteen members is without due process of law, in violation of the Constitution, and, therefore, void, and not voidable merely; it is not a defective indictment only, but, in fact, no indictment. Disapproving, Ex Parte Fuller, 19 Tex. Crim. App., 241.

**3. Same—Habeas Corpus.**

A party who has been convicted and sentenced to the penitentiary upon an indictment for a felony, found by a grand jury composed of more than twelve men, is entitled, under the writ of habeas corpus, to relief from such custody and imprisonment because his restraint is not alone under a defective, but under an indictment which, being in fact no indictment, is absolutely void.

FROM the County of Bell.

This was an original application by relator for habeas corpus, made to Hon W. L. Davidson, one of the Judges of the Court of Criminal Appeals, which was granted and made returnable before this court at the Dallas term on the 10th day of January, 1896.

The petition shows that on the 24th day of March, 1884, a grand jury was organized by the District Court of Bell County, which was composed of fourteen grand jurymen. That on the 27th of March, 1884, applicant and one A. J. Moore were jointly indicted by said grand jury for the theft of hogs of over the value of $25; that on the 18th day of October, 1884, applicant was alone placed upon his trial upon said indictment, and was convicted thereunder with punishment assessed at two years' imprisonment in the penitentiary; and that on the 30th day of October, 1884, he was duly sentenced by the court to the penitentiary under said judgment, and appealed to the Court of Appeals, where the judgment was affirmed. The record does not show what became of applicant from the date of the affirmance of this judgment up to the suing out of the writ of habeas corpus in this proceeding. It does show, however, that at the December term, A. D. 1887, his codefendant, A. J. Moore, who had been jointly indicted with him, moved to quash the indictment, because it had been found by an illegal grand jury composed of fourteen members, and that the motion was sustained, and the indictment quashed; that a new indictment was found against Moore, and that he was acquitted, when tried, upon the same.

In his application for this writ of habeas corpus, applicant alleges that he is now illegally restrained of his liberty, under the judgment and sentence above mentioned, by Henry C. Purl, the sheriff of Williamson County.

No further statement necessary.

[No briefs have come to the hands of the Reporter.]

*Makemson & Fisher*, for relator.

*Mann Trice*, Assistant Attorney-General, for respondent.

DAVIDSON, JUDGE.—This is an original application for a writ of habeas corpus, now before this court for trial. The applicant sued out a writ of habeas corpus before us, alleging that he was illegally re-

strained of his liberty, because, he says, the indictment under which he was convicted and sentenced to the penitentia¬y was found by a body composed of fourteen persons.  We have examined the evidence in the case, all being of record, and find that it is true, as alleged, that the indictment on which the applicant was tried, convicted, and sentenced to the penitentiary was returned into court by a body composed of fourteen men.  The only question for our decision is, can the applicant obtain relief from imprisonment under the above state of case by a writ of habeas corpus?  Section 10 of the bill of rights, provides, as a part thereof, that "no person shall be held to answer for a criminal offense, unless on indictment by a grand jury, except in cases where the punishment is by fine," etc.  Section 13, Art. 5, of the Constitution, provides that "grand and petit juries, in the District Courts, shall be composed of twelve men."  This court has held, and we see no reason for changing our opinion, that a body composed of more than twelve men is not a grand jury.  See Lott v. State, 18 Tex. Crim. App., 627; McNeese v. State, 19 Tex. Crim. App., 48; Smith v. State, Id., 95; Ex parte Swain, Id., 323; Rainey v. State, Id., 479; Wells v. State, 21 Tex. Crim. App., 594; Harrell v. State, 22 Tex. Crim. App., 692.  The District Court, in felony cases, does not obtain jurisdiction of the offense, unless by indictment.  There must first be the act of a grand jury before the court's jurisdiction can attach in such cases.  A prosecution for a felony, without indictment by a grand jury, is not due process of law, in this State. There can be no indictment unless there was a grand jury.  The verdict and judgment, without an indictment, in a felony case, are absolute nullities, and cannot be the basis or warrant for any commitment. Let us suppose that the applicant had been tried upon an information—could it be contended that the jurisdiction of the court attaches to that case?  We think not.  Let it be supposed that there was neither information nor indictment—could it be contended that the verdict of a jury, and judgment of the court thereon, would not be absolutely void?  We think not.  In this case, the court's jurisdiction not having attached, the court therefore had no jurisdiction of the subject matter.  The conviction being without due process of law, and in violation of the plain requirements of the constitution, the warrant for the imprisonment of the applicant is therefore void, not voidable merely. We are not to be understood as holding that the applicant could obtain relief by habeas corpus because of a defective indictment, or an indictment that seeks to charge the offense for which he has been convicted, but in substance is defective; but we do hold, in a felony case, that he can obtain relief by habeas corpus, where there has been no indictment.  We are not passing on the other question, as to defective indictments. This view of this question is in conflict with the proposition laid down in the headnotes in Ex Parte Fuller, 19 Tex. Crim. App., 241, but is in exact accord and is supported by the reasoning of the court in Lott v. State, 18 Tex. Crim. App., 627, and subsequent cases.  We believe the reasoning of Judge Willson unanswerable, and the conclusion that a

judgment without an indictment is absolutely void, and that the party can obtain relief by habeas corpus. It being understood between the Assistant Attorney-General and counsel for applicant that this record contains the facts, and that the State has nothing further to offer why the applicant should not be discharged, it is therefore ordered and decreed that the applicant be discharged from custody, and that the clerk forward a certified copy of this opinion to the officer in charge of the applicant, Larkin Reynolds, and that said applicant be at once discharged from custody.

*Applicant Discharged.*