*Ex parte* ARTHUR FLOWERS.

No. A-139. Opinion Filed May 25, 1909.

(101 Pac. 860.)

1.    HABEAS CORPUS—*Remedy by Appeal.* A writ of habeas corpus will not be allowed when the petitioner has an adequate remedy by appeal.

2.    INDICTMENT AND INFORMATION — Preliminary Proceedings—Sufficiency of Affidavit. An information, based upon a sworn affidavit, or sworn testimony filed in the county court, charging the commission of a misdemeanor, is sufficient to give such court jurisdiction of the subject-matter of such charge.

3. **SAME.** Under the laws of this state no particular form of affidavit charging the commission of a misdemeanor is prescribed. Such affidavit sufficiently complies with the requirements of the statutes when it substantially states an offense defined by the statutes, and such affidavit is sufficient to base an information upon, provided that the information predicated on such affidavit is positively sworn to by the county attorney.

(Syllabus by the Court.)

Original petition by Arthur Flowers for a writ of *habeas corpus*. Writ denied.

In his duly verified petition Arthur Flowers alleges that he is restrained of his liberty, and is unlawfully imprisoned at Claremore, in Rogers county, by Hiram Stephens, sheriff of said county, and that the cause of said restraint, according to his best knowledge and belief is that on the ———— day of ————, 1909, the county attorney of said Rogers county requested the county judge of said county to subpoena witnesses before the said county judge, for the purpose of inquiring into whether or not the prohibitory law of this state had been violated, and that one P. Fisher was subpoenaed before said court, and gave evidence as follows:

"Q. Mr. Fisher did you, at any time, at Chelsea buy any intoxicating liquor from Arthur Flowers? A. Yes, sir. Q. When and what was that? A. I bought whisky from him at two different places; one known as the 'Squirrel Joint' and at the new place. Q. About what day was it? A. I have bought so many times I hardly know. I think a couple of days before last Saturday. Q. Who was present? A. Sid Fletcher, Taylor Goin, Jim Kell. I paid Arthur Flowers for the drinks that day. It was Budweiser beer. This was at the new place, the skating rink, Chelsea, Rogers county, Okla. P. Fisher.

"Sworn and subscribed to before me this March 11, 1909. Archibald Bonds, County Judge."

He also alleges that upon said evidence the county attorney, Wm. M. Hall, who prosecutes in behalf of Rogers county, filed his information in the county court of said county, accusing the petitioner of the offense of selling intoxicating liquors, which information was (omitting the formal parts) in the following words:

"Be it remembered that W. M. Hall, county attorney in and

for the county of Rogers, state of Oklahoma, who prosecutes in the name and by the authority of the state of Oklahoma, comes here in person into the county court of the said county, this 11th day of March, A. D. 1909, and upon the evidence of P. Fisher had and obtained an order of the county court in and for Rogers county, Oklahoma, duly subscribed and sworn to by him, as provided by law, and the same is hereto attached, marked 'Exhibit A.' and made a part hereof, gives the court to understand and be informed that on or about the 4th day of March, A. D. 1909, in the county of Rogers, state of Oklahoma, one Arthur Flowers, then and there being, did then and there wilfully and unlawfully sell spirituous, vinous, and fermented liquor to P. Fisher, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state. Wm. M. Hall, County Attorney."

The verification of said information is as follows:

"Personally appeared before me, J. M. York, clerk of the county court, within and for the county of Rogers and state of Oklahoma, W. M. Hall, of lawful age, who, being duly sworn upon his oath states: 'That he is the county attorney of said county, that he has read the foregoing information, and knows the contents thereof, and that the facts and allegations therein contained are true.'"

That upon said information a warrant was issued, and the petitioner arrested, and on the 10th day of April, 1909, was tried in the county court by a jury, who rendered a verdict of guilty against him. That at the time the petitioner was arraigned in said court he excepted to said information, for the reason it was not duly verified, and filed his motion to quash said information on the grounds that the evidence upon which the same was based was illegally obtained, and without authority of law, which motion or plea in abatement alleges, in substance, as follows: That there was no affidavit to support the information herein; that the information is supposed to be based upon evidence taken before the county judge of said county by witnesses brought before said court, under section 4 of the prohibition enforcement act of this state (Laws 1907-08, p. 604, c. 69), and that there was no information filed with said court charging any person with a violation of the

provisions of said enforcement act, and that the witnesses brought before said court were not there at the request of the county attorney, and that the evidence that was obtained was without authority of law and by force, and is therefore not sufficient to base an information upon; that there was no charge pending before said county judge against the petitioner supported by the affidavit of any person, nor was the request of the county attorney of said county supported by affidavit, nor does the record in said court disclose the fact that any subpoena was issued, and that there was no cause pending before said court which would have authorized the county court to have issued subpoenas for witnesses; that the whole of said evidence was illegally obtained, and wholly insufficient to base a complaint or information upon. Petitioner prays that he may be dismissed from custody.

A writ of *habeas corpus* issued out of this court commanding the sheriff of said county to have the body of said petitioner in this court on the 24th day of April, 1909. In answer to this writ said sheriff made return, stating, in substance, that the body of the petitioner was placed in his custody on the 14th day of April, 1909, and that the petitioner is now held in custody by him by virtue of an order of commitment, duly issued under the seal of the county court of Rogers county, commanding him to imprison the petitioner in the jail of said county. He attaches a copy of said commitment to his return. Said sheriff, in obedience to said writ of *habeas corpus,* produces the body of said petitioner before this court to be dealt with according to law. The order of commitment is in the usual form, and recites that on the 10th day of April, 1909, Arthur Flowers was brought before the county court of Rogers county charged with the selling of intoxicating liquors, and was on said date found guilty, and in punishment for said crime was ordered by said court to pay a fine of $50 to the state of Oklahoma, and that he be confined in the jail of Rogers county for a term of 30 days, and adjudged to pay the costs of said action, taxed at $37, and, if he failed to pay said fine and costs,

2 Cr.—28

that he be confined in said jail an additional term of one day for each $2 of the fine and costs, to wit, 43 days; that he holds the body of said petitioner in obedience to the command of said commitment, and for no other reason. The petitioner filed in support of his petition the affidavit of Archibald Bonds, judge of said county, a copy of the information, a copy of the testimony of P. Fisher, taken before said county judge, and a copy of a plea in abatement filed in the county court. Both sides were fully heard in oral arguments.

*Kight, Ezzard & Holtzendorff*, for petitioner.

*Wm. M. Hall,* Co. Atty., and *Charles L. Moore,* Asst. Atty. Gen., for the State.

BAKER, JUDGE. (after stating the facts as above). It is contended by counsel for the petitioner that he was unlawfully restrained of his liberty by the sheriff of Rogers county, state of Oklahoma, for the reason, notwithstanding the filing of an information, the trial and conviction in the county court of said county, that the alleged information was not predicated upon sworn proof, and that the testimony of P. Fisher, upon which the county attorney based the information charging the petitioner with the offense of unlawfully selling intoxicating liquors, was improperly obtained, and that said case comes within the law announced in the case of *Ex parte Gudenoge, ante,* p. 110, 100 Pac. 39, in which this court held that:

"Under section 21 of the Bill of Rights (Bunn's Ed. § 30), which declares that 'no person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided,' and section 27 of the Bill of Rights (Bunn's Ed. § 36), which provides that 'any person having knowledge or possession of facts that tend to establish the guilt of any other person or corporation charged with an offense against the laws of the state, shall not be excused from giving testimony or producing evidence, when legally called upon so to do, on the ground that it may tend to incriminate him under the laws of the state; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing,

concerning which he may so testify or produce evidence'—where a person is under examination before a county judge in an investigation into supposed violations of the prohibitory law, otherwise known as the 'Enforcement Act' (Laws 1907-08, p. 604, c. 69), under the provisions of section 4 of said act he is not obliged to answer questions where his answers will tend to incriminate him, unless the inquisition is held for the purpose of inquiring into a complaint made, supported by affidavit. charging an offense against the provisions of the prohibitory law."

It must be borne in mind that Gudenoge was imprisoned for contempt of court, for refusing to give testimony before the county judge. The decision in the Gudenoge Case is based upon the proposition that there was no action pending before said county judge, or in said county court, which would subject him to the contempt of said court for failing or refusing to testify. Thus it will be seen that there is a marked distinction between the Gudenoge Case and the case at bar, for the reason that it is claimed by the petitioner that he should not be prosecuted for unlawfully selling intoxicating liquor, because the information against him is not predicated upon sworn testimony, or an affidavit authorizing the county attorney to file the information against him, contending that Fisher in the case at bar testified before the county court when in fact there was no case pending against any one in said court in which the evidence of Fisher would be competent. But it is admitted that Fisher testified before said county judge, signed his testimony and swore to it; said testimony thereby taking the form of an affidavit. Therefore, if the contention of counsel for the petitioner is correct, this court must first conclude that, because the evidence of Fisher was not given in an actual case pending in said court, because the affidavit sworn and subscribed to by him was not filed in a proceeding actually pending at the time said affidavit was made, then it could not be used to base an information upon. In other words, under the theory of counsel for petitioner, the affidavit made by Fisher, for the reasons contended for by him, would vanish into thin air, or would be suspended in mid-air be-

yond the reach of the county attorney, and therefore useless for any legal purpose. This position we cannot endorse. The facts stated in the affidavit were sworn to and subscribed by Fisher, remained in existence in proper form, and could legally be used by the county attorney on which to base an information; and, when the information based upon Fisher's affidavit was filed, the county court had jurisdiction. Therefore the trial court properly overruled petitioner's plea in abatement. The distinction between the case at bar and the Gudenoge Case is clear and concise. Gudenoge was imprisoned for refusing to testify under conditions and circumstances that were not authorized by law, and hence was not a witness in the sense that he could be punished for contempt, and therefore could not be guilty of contempt for failing to testify under such circumstances. Hence his incarceration was unauthorized and illegal, and *habeas corpus* was the proper remedy in that case.

It is also claimed by counsel for petitioner that the case of *Ex parte Reynolds,* 35 Tex. Cr. R. 437, 34 S. W. 120, 60 Am. St. Rep. 54, is analogous to the case at bar, upon the theory that the information, being based upon no affidavit, or upon an affidavit improperly obtained, was no information. We agree with counsel for the accused that, if the information in the case at bar was void *ab initio,* then the Texas case is in point. In *Ex parte Reynolds, supra,* the court found that Reynolds was convicted and sentenced under an indictment found and returned by a jury composed of more men than is required by the law to constitute a legal grand jury, and was entitled to be released from custody upon a writ of *habeas corpus,* for the reason that he was restrained of his liberty upon an indictment and sentence which were absolutely void. If counsel were right in the claim that the information in the case at bar was absolutely void, then the remedy by *habeas corpus* would be proper; but in this counsel is not supported by the record.

For the reasons stated, the writ of *habeas corpus* should be, and is, denied the petitioner, at his cost.

If the contentions of petitioner are true that his substantial rights have been violated, and that the judgment upon which his incarceration is based is illegal, then he has an adequate remedy by appeal to this court. This court feels that every man accused of crime is entitled to, and should be given, a full opportunity to make every proper and lawful defense guaranteed to him by law, and that if he feels aggrieved at the judgment of the trial court, and thinks he has not been accorded his legal rights, and therefore stands improperly convicted, and desires to appeal his case, he should be given an opportunity to perfect his appeal. Therefore, it is ordered by this court that the county court of Rogers county give the petitioner 30 days' additional time to the time originally given him by said court to prepare and serve his case-made in this case.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.