## S. H. CUMBERLEDGE v. STATE.

No. A-1121.   Opinion Filed March 30, 1912.

#### (122 Pac. 266.)

**INTOXICATING LIQUORS—Illegal Sale.** Where the evidence shows. that a defendant upon trial was concerned in the sale of intoxicating liquor, it is immaterial as to whether or not the sale was. made by the defendant or by another person who was acting with. the defendant.

(Syllabus by the Court.)

*Appeal from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

S. H. Cumberledge was convicted of violating the prohibition law, and appeals.   Affirmed.

*S. V. O'Hare* and *W. W. Momyer*, for appellant.

*Smith C. Matson*, Asst. Atty. Gen., for the State.

FURMAN, P. J.   Appellant was convicted in the superior court of Muskogee county for a violation of the prohibitory liquor law, and his punishment was assessed by the court at a fine of $200 and 30 days imprisonment in the county jail.

The only question presented by this appeal is as to the sufficiency of the evidence to sustain the verdict of the jury and the judgment of the court.

Ernest Hoheimer testified for the state that on the 31st day of December, 1910, he went into a drug store in the Estes building in Muskogee and purchased a pint of whisky; that the whisky was purchased in a little room behind the prescription case in the drug store, and was purchased from a negro who was frequently seen around the drug store; that he did not know the negro's name, but that he had frequently gone to the drug store and had seen this negro porter behind the prescription case pouring out drinks of whisky, and also had seen him cleaning up the drug store; that he had seen several persons drinking in the

drug store; that, when the witness would go in the drug store, he would see the appellant there, but had never seen him back behind the prescription case where the whisky was sold, but at his desk, which was very near the back end of the drug store, six or seven feet or more from the prescription case; that he had seen the negro porter who sold whisky behind the prescription case in the drug store take the money for whisky to the cash register, and there make change and bring it back.

Ben Hoffman, a witness for the state, substantially corroborates the testimony of Ernest Hoheimer.

Ed A. Estes testified for the state that he was the owner of the building known as the Estes building; that appellant paid the rent on this drug store; that no one could go behind the prescription case in the drug store except from the front way.

Horace Cole, a negro, testified for the state that he was porter at the drug store in question, and worked there in December, 1910; that his salary was paid by appellant.

Appellant took the witness stand, and testified as follows:

"Q. Your name is F. B. Cumberledge? A. Yes, sir. Q. Where do you reside? A. Muskogee. Q. What business are you in, Mr. Cumberledge? A. Well, I am in the drug business. Q. How long have you been in the drug business? A. Well, sir, ten or eleven years. Q. You are charged with selling or being interested in the sale of liquor to one Ernest Hoheimer on or about the 1st day of December, 1910. I will ask you to state if you sold any liquor to Ernest Hoheimer, or authorized any one to sell any, sharing in the profit of the sale to Hoheimer? A. I did not. By Mr. Momyer: That is all. By Mr. Disney: No questions."

We are of the opinion that this evidence fully supports the verdict, and that the jury could not have arrived at any other verdict that that the appellant was guilty. The idea that the proprietor of a drug store would allow his negro porter to open up a bootlegging joint in the rear of the prescription case, to which access could only be had from the front, and that this proprietor was not in any manner concerned or connected with this bootlegging joint, was an insult to the intelligence of the court and jury. Appellant was in charge of that drug store. It was his

business to see that·it was conducted in a lawful manner; and, under the facts detailed in evidence in this case, the pretext that he was not concerned in the sale of whisky which was being habitually sold in his drug store is the flimsiest pretext we have ever heard offered in a case of this kind. We are only surprised that his punishment was not fixed at a fine of $500 and six months imprisonment, for the evidence clearly shows appellant is a confirmed bootlegger.

The judgment of the lower court is therefore affirmed, and the clerk of the court is directed to issue the mandate at once.

ARMSTRONG and DOYLE, JJ., concur.