## MIKE MARKESON v. STATE.

No. A-2240.    Opinion Filed June 26, 1915.

1.    **INTOXICATING LIQUOR—Sale—Evidence.** In a prosecution for selling intoxicating liquor the evidence examined and held sufficient to sustain the conviction, and that no prejudicial error was committed on the trial.

(Syllabus by the Court.)

*Appeal from County Court, Comanche County;*
*H. N. Whalin, Judge.*

Mike Markeson, convicted of selling intoxicating liquor, appeals. Affirmed.

*Fain & Young* and *Stevens & Myers,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *S. I. McElhoes,* Asst. Atty. Gen., for the State.

DOYLE, P. J.  On an information which jointly charged the plaintiff in error, Mike Markeson, and Sam Remer with selling whisky to one Claud Story, the plaintiff in error, Mike Markeson, was, upon his separate trial, convicted and his punishment assessed at confinement in the county jail for ninety days and a fine of five hundred dollars. Judgment was rendered in pursuance of the verdict, and from the judgment the plaintiff in error appeals.

There are numerous assignments of error, but we will notice only those assignments discussed in the brief.

The second assignment of error is that the court erred in allowing to be introduced in evidence a copy of the certificate of the internal revenue collector.

It is contended that the retail liquor dealer's license issued to plaintiff in error was inadmissible because it shows on its face that it permits the sale of malt liquors only, and the plaintiff in error was charged with the sale of spirituous liquors.

Section 3609, Rev. Laws 1910, is as follows:

"The payment of the special tax required of liquor dealers by the United States by any person within this state, except local agents appointed as hereinbefore provided, shall constitute *prima facie* evidence of an intention to violate the provisions of this chapter."

The admissibility of the certificate has been so often passed upon by this court that citations are unnecessary. It will be observed that the statute does not say that the payment of a special tax to sell malt liquors is *prima facie* evidence of the intent to violate the law by the sale of malt liquors. There is nothing in the statute which confines the operations of this *prima facie* evidence to some particular character or kind of violation of the liquor law, and hence the same was properly admissible in this case.

The third assignment questions the sufficiency of the evidence to sustain the verdict.

The state introduced two witnesses and the internal revenue collector's certificate. At the close of this evidence a demurrer thereto was interposed and overruled. No evidence whatever was introduced on behalf of the plaintiff in error. The particular weakness in the testimony which the plaintiff in error sets out is that it was not shown that the place where the whisky was sold was that of Mike Markeson, and that it was not shown that the place for which the liquor license was issued was that where the whisky was sold.

The evidence shows that the place where the liquor was sold was commonly known as the Monarch Theater, and that the actual sale was made by Sam Remer, the co-defendant. The witness, Story, described the plaintiff in error as follows:

"Q. Was that all who were in there except the man who waited on you behind the counter? A. There was some fellow sitting in a chair at the front end. Q. What kind of looking fellow was he? A. I didn't pay much attention to him. As well as I remember, a big fellow with one arm. Q. You see the defendant sitting over there? A. Yes. Q. Was he similar to this man here? A. Yes. Q. You didn't know Mike Markeson at that time? A. No."

The witness, Story, testified that Mike Markeson's place was the Monarch Theatre; that it was located between First and Railroad streets on D avenue. The internal revenue collector's certificate puts it on D street, lot No. 9. It is true there is no exact identity between lot No. 9 and Mike Markeson's place, yet there is no discrepancy between the statements of the witness and the certificate. It is also reasonable to presume that Mike Markeson secured the permit to sell whisky at his own place. The evidence shows that there was a bar and glasses and bottles and a bartender, and that Mike Markeson was in the room when the sale was made.

In the absence of any evidence to the contrary it must be assumed that this liquor business on Mike Markeson's property with Mike Markeson present, with Mike Markeson having a federal retail liquor dealer's license, was in fact the liquor business of Mike Markeson, and that his co-defendant, Sam Remer, was acting as his bartender.

We have carefully examined the charge of the court and considered each and all of the assignments based thereon and discussed in the brief, and we find the charge, considered as a whole, fairly and fully presented the law applicable to the case. Finding no prejudicial error in the record the judgment appealed from is affirmed.

FURMAN and ARMSTRONG, JJ., concur.