The STATE of Oklahoma, Plaintiff in Error,

v.

George HUNT and Bernice Paul, Defendants in Error.

No. A–12612.

Criminal Court of Appeals of Oklahoma.

Oct. 8, 1958.

Mac Q. Williamson, Atty. Gen., J. Howard Edmondson, County Attorney, Tulsa County, Ted Flanagan, Asst. County Attorney, Tulsa, for plaintiff in error.

Thomas D. Frasier, John L. Ward, Jr., Tulsa, for defendant in error.

BRETT, Presiding Judge.

This matter is here on a reserved question of law brought by the State of Oklahoma. The record shows that the defendants, George Hunt and Bernice Paul, were charged in the Court of Common Pleas of Tulsa County, Oklahoma, with the offense of selling 3.2 beer to Dean Moffett, a minor, seventeen years of age. The offense was allegedly committed on December 27, 1957. The case was presented to a jury, but upon the conclusion of the State's case, a demurrer was interposed and sustained by the trial court as to the defendant George Hunt. The defendant Bernice Paul then withdrew her plea of not guilty, entered a plea of guilty, and the cause was disposed of on said plea. The State appealed as to the court's ruling on the demurrer on the reserved question that the trial court erred in not holding that the owner and operator of a beer tavern was liable under the provisions of 37 O.S.1951 § 241 for the acts of his agent in selling beer to a minor.

The facts upon which this reserved question is predicated are briefly as follows. The defendant is the owner and operator of a beer tavern in Tulsa County, Oklahoma. On December 27, 1957, together with

his bar maid, Bernice Paul, the defendant was operating his tavern and selling, among other things, 3.2 beer. Dean Moffett and four other high school boys ranging from seventeen to eighteen years of age came into the tavern and ordered beer from Bernice Paul, first five quarts, and later an additional quart, substantially all of which they consumed on the premises in a booth-room behind the room housing the bar. Some of the State's witnesses were not certain the defendant was present, but there was sufficient evidence of his presence to establish the fact. Two of the State's witnesses were positive that the defendant Hunt was present on the occasion. Three others testified they were positive he was there, but on cross-examination said they were not certain it was on this occasion or another occasion. One of the witnesses testified in response to questioning by the court that he was within ten feet of the defendant when he came into the door of the establishment and that he ordered his beer when he came into the tavern. All of the boys testified that no questions were asked by either the proprietor or the bar maid as to their ages. The record discloses that the high school boys who testified in this case had drunk beer on the premises on prior occasions. It further discloses that there were five or six other boys on the premises at the time of the offense herein complained of. There is no question but that the defendant was present when Officer Kerpan came into the premises about an hour later and discovered the boys drinking the beer. He related that the defendant, Hunt, was in the front end of the establishment sitting in a chair directly in front of the door when he came into the tavern.

■ The State's proposition is that when the evidence shows the licensee is present when minors enter his establishment and order beer within his hearing, which is served to them by his employee, the question of his guilt in violating 37 O.S.1951 § 241 is one for the jury. This statute reads as follows:

"It shall be unlawful for any person who holds a license to sell and dispense beer and/or any agent, servant, or employee of said license holder to sell, barter or give to any minor any beverage containing more than one-half of one per cent of alcohol measured by volume and not more than three and two-tenths (3.2) per cent of alcohol measured by weight. * * *"

The evidence herein establishes not only that the beer was sold to Dean Moffett but to all the other boys in the Moffett party. It is clear that they consumed approximately six quarts on the premises. It is also clear that they had visited this tavern on other occasions. It is clear that five or six other high school boys were on the premises for like purpose at the time in question. To say that the defendant Hunt did not know that these sales were being made is to deny both the direct and circumstantial evidence of his knowledge and would permit circumvention of his legal responsibility for the operation of his business, a responsibility which is made incumbent upon him by law. It appears the defendant turned a deaf ear to the transaction and acquiesced in the sale. He offered nothing to the contrary. It is our opinion that the law intended to make the proprietor of such establishments responsible for the enforcement of the provisions against sale to minors and to prevent all such sales as were made in this case, whether by the principal or his agent. Even though the sales are not made in the operator's presence, if he has knowledge of them or the circumstances imputed knowledge to him, these facts would present a question for the determination of the jury. It has been so held in analogous cases. Cox v. State, 3 Okl.Cr. 129, 104 P. 1074, 1077, 105 P. 369, in the body of the opinion states:

"It is child's play for Cox to attempt to escape responsibility for the act of Thurman in selling whiskey to Coker. * * * Thurman was simply a barkeeper for Cox. The act of Thurman was the act of Cox, whether Cox was.

present or not when the sale was made, because the evidence shows that they were acting together in violating the law. No man can screen himself behind the civil law of agency in the commission of crime."

Also, in syllabus 4, the Court says:

"(a) The civil law of agency has no application to violations of criminal law.

"(b) All persons who are concerned in the commission of an offense are 'principals', and should be prosecuted and convicted as such, and it is immaterial as to whether they are present when the crime is actually committed.

"(c) Where a person is the proprietor of a joint, and keeps beer and whisky there, and has a United States license to pursue the business of selling liquor, he cannot escape responsibility for a sale made by his barkeeper upon the ground that he was not present when the sale was made."

Stack v. State, 4 Okl.Cr. 1, 109 P. 126, which holds to the same effect, says:

"There is plenty of evidence in the record to the effect that Stermer was working for Stack, and that the latter was running a saloon in the city of Lawton; that he was engaged in that business before statehood, and had continued in the business ever since; that his place of business was frequented by a drinking class; that people continually brought liquor out of his place of business, and were often seen to leave there in an intoxicated condition. The evidence was amply sufficient for the jury to have found that Stermer was working for Stack, and that he was Stack's agent in the sale of this whisky, and that said sale was made in the course of Stack's business."

■ It cannot be successfully contended that the two cases last referred to are not in point because the business of the two proprietors was unlawful, while here, Hunt was engaged in a lawful business operation. In selling to the general public of lawful age, Hunt's business was lawful; but in selling to high school boys of minor age, he was just as unlawfully engaged as was Stack in the operation of his illicit liquor business. The principle involving the liability of the proprietor for the acts of his agent in those cases and in the case at bar is identical. The law intends that the operator of a tavern dispensing beer shall be liable for the operation of his business whether it is conducted personally or by an agent, especially when a criminal law violation is involved and his knowledge thereof is established either directly or circumstantially. If it were not so, there would be no end to the illicit operations that could be conducted on his premises by, his agents. In Cumberledge v. State, 7 Okl.Cr. 108, 122 P. 266, 267, this was said:

"It was his business (proprietor of a drug store, a lawful operation) to see that it was conducted in a lawful manner * * *."

In the latter case, the porter for the drug store operated a bootlegging business behind the prescription counter in the back of the store. Access to the prescription counter could only be gained through the front door of the drug store. This Court said it was an insult to one's intelligence to say the owner did not know of the violation. It clearly appears herein that these high school boys had been coming in the tavern through the front door and passing by the defendant as he sat in his chair on other occasions. It likewise definitely appears he was in the tavern on the night in question. It further appears that the defendant had knowledge of their repeated presence in his establishment and that neither he nor his bar maid made inquiry as to the ages of the boys involved. In Markeson v. State, 11 Okl.Cr. 578, 149 P. 928, the evidence showed the defendant was in the room when the unlawful sale was made. Other than furnishing the facilities and owning the establishment, Markeson had no connection with the sale, yet he was held

liable for the act of his agent in making the sale.

In light of the foregoing authorities, we are of the opinion that the trial court erred in not submitting the question to. the jury and in sustaining the demurrer. The State's contention is sustained on the proposition that when the evidence shows that the licensee is present and minors enter his establishment within his hearing and beer is served to them by his employee, the question of his guilt in violating 37 O.S. 1951 § 241 is for the jury. The judgment of the Court of Common Pleas of Tulsa County sustaining the defendant's demurrer to the evidence is reversed as being contrary to law. The trial court having rendered its judgment of acquittal, such judgment is final, however, and the defendant may not now be subjected to further prosecution in this case or to have another prosecution for the same offense.

POWELL and NIX, JJ., concur.