**JIFFY FOOD STORES, INC.,**
**Nos. 34 and 33, Petitioner,**

**v.**

**Weldon FERRIS, District Judge of the District Court of Jackson County, Oklahoma and Ross Rutherford, County Judge of the County Court of Jackson County, Oklahoma, Respondents (two cases).**

**Nos. 41405, 41406.**

Supreme Court of Oklahoma.

May 11, 1965.

Phil E. Daugherty, Charles Perry Ames, Oklahoma City, and Tal Oden, Altus, for petitioner.

Hal L. Grider, Altus, for respondents.

BLACKBIRD, Justice.

The present original actions, or proceedings, are the outgrowth of efforts by the petitioner to obtain renewal of its respective permits to sell, at two of its Altus, Oklahoma, stores, nonintoxicating beverages—specifically 3.2 beer—for consumption off the premises as provided in Tit. 37 O.S.1961, §§ 163.11 and 163.11A.

Petitioner is a Texas corporation, with headquarters at Wichita Falls, and is licensed to do business in Oklahoma. Through a system of division managers, training supervisors, store managers and assistant store managers, it operates a chain of so-called "convenient", "bantam unit", or "drive-in" grocery stores in northern Texas and southwestern Oklahoma. Three stores, which petitioner acquired in August, 1963, are located in Altus, and are designated as stores numbered "32", "33", and "34", respectively.

On April 3, 1964, one, Johnny McConnell, an employee of petitioner's store No. 32, was found guilty, and paid a twenty dollar fine, on a charge filed against him by Altus policeman, C. H. Bennett, in said City's Municipal court, of having sold beer to a minor named Johnny Slagle. Thereafter, during the same month, petitioner's permit to sell nonintoxicating beverages (which such permit will usually be referred to merely as a "beer permit") at its store No. 32, was revoked by the Respondent County Judge of Jackson County. Likewise, at hearings held later the same month, the same Judge denied petitioner's separate petitions for renewals of its beer permits for its stores numbered 33 and 34.

Later, on October 2, 1964, the district court reversed the county court's above-mentioned order revoking petitioner's permit for store No. 32, upon finding that the minor, Slagle, had obtained the beer, said store's employee, McConnell sold him, by fraudulently misrepresenting his age through the use of a false United States Armed Forces Identification Card. Notwithstanding this reversal, the same court, a few days later, after trials de novo on the separate appeals petitioner had lodged therein from the county court's previous refusals to renew its beer permits for stores numbered 33 and 34, declined to disturb the county court's rulings; and accordingly, on October 6, 1964, Respondent Ferris, as judge of said District Court, entered identical judgments in said appeals affirming the previous county court orders as to both stores numbered 33 and 34, upon the announced finding that petitioner had "failed to comply with the statutes of the State of Oklahoma in regard to the sale of beer to minors * * *".

Thereafter petitioner commenced the present original actions against the Respondent Judges, asking this court to review the above described district court judgments, to issue writs of certiorari to accomplish their reversal, and to require the renewal of its beer permits for stores numbered 33 and 34, respectively.

Petitioner has filed a motion that these two original actions be treated as consolidated under this court's Cause No. 41405, and, in their briefing, all parties have so treated them. As there appears to be no valid reason why these cases should not be consolidated for all purposes, said motion is hereby sustained.

Petitioner contends that the respondent Judges exceeded their jurisdiction in their rulings, resulting in its being deprived of its beer permits for stores numbered 33 and 34, on the purported ground of its noncompliance with Oklahoma Statutes regarding the sale of beer to minors. It says this does not constitute a valid ground for such rulings under Section 163.11, supra.

The only provisions of the cited statute, material to the issues joined in the parties' argument, read as follows:

"* * * The person applying for such permit must make a showing once a year, and must satisfy the county judge that he is a person of good moral character; that he has never been convicted of violating any of the laws prohibiting the traffic in any spirituous, vinous, fermented or malt liquors, or of any of the gambling laws of the State, or of any other state of the United States, within three (3) years immediately preceding the date of his petition, or any of the laws commonly called "Prohibition Laws", or had any permit or license to sell nonintoxicating liquors revoked in any county of this State within twelve (12) months; * * *."

Petitioner argues, on the basis of the record of the trials de novo held in the appeals to the district court, that it introduced evidence showing it possessed all of the above-quoted requirements for renewal of its permits to sell beer at its stores numbered 33 and 34, except the last one; and points out, as to it, that the respondent district judge knew, before entering his judgment on October 6, 1964, that the county judge's prior revocation of its permit at store No. 32 had, four days previously, been nullified by reversal in the district court, as aforesaid.

Respondents first counter with an argument that appears to be contemplated to show that the lower courts' refusal to renew petitioner's permits for the sale of beer at stores numbered 33 and 34, were correct, because of Johnny McConnell's hereinbefore described municipal court conviction of selling beer to a minor at store No. 32.

They argue that beer is a "malt liquor" as that term is used in the above quoted

Statute; and it appears to be their contention that, on the basis of State v. Hunt, Okl. Cr., 330 P.2d 756, McConnell's conviction was the equivalent of a conviction of the petitioner for violating Title 37 O.S.1961, § 241, by unlawfully selling 3.2 beer to a minor.

Respondents would also have us treat the finding, upon which Judge Ferris' judgment was based, as the equivalent of a finding that petitioner was not of good moral character.

We cannot uphold respondents in either position. As far as concerns the issues in this case, State v. Hunt, supra, merely holds that the proprietor of an establishment may correctly be convicted of violating section 241, supra, on the basis of the sale of 3.2 beer to a minor by one of his employees, where there is evidence of circumstances sufficient to impute to him knowledge of, or acquiescence in, the unlawful sale. That is vastly different from holding that an employee's conviction of such a sale may be considered a conviction of his employer, for the purpose of the showing a beer licensee is required to make under section 163.11, supra. There is no evidence in the record before us of the circumstances surrounding the hereinbefore mentioned beer sale, of which Johnny McConnell was found guilty in Altus Municipal Court, and no basis whatever for imputing to the petitioner any knowledge of, or acquiescence in, it, at the time it occurred.

Even if we were to apply to this consolidated original action, the rules applicable to cases appealed from courts of record, that erroneous, but unnecessary, findings, will not work reversal of the judgments involved, and that judgments, general in form, are to be considered on appeal as containing findings of every fact (shown by the record) necessary to support them (for which procedure respondents have cited no authority), and we consider the subject judgments as determinations that petitioner is not of good moral character, as respondents urge, we cannot agree with them that the record is "replete" with evidence to support such determinations or findings. Assuming, without deciding, that, by so considering said judgments, we are authorized, in this original action, to review the evidence, we have done so, and have found it lacking in responsiveness and probative value. In order to hold the evidence sufficient to support such findings it would be necessary to regard the rather vague testimony of William Taylor (one of petitioner's former employees who is suing it for withholding wages "* * * and some other things * * *") as to instructions Lawrence Gardner, one of petitioner's former supervisors, gave him to the effect that beer should be sold to anyone who had money to pay for it, and that he (Taylor) had "* * * sold beer many a (unspecified) time to minors", as a valid basis for such a finding. This we decline to do, in the absence of any proof that any unlawful sale of beer was ever made at the Nos. 33 and 34 stores, pursuant to any instruction, or suggestion, by the petitioner, or with the knowledge, consent, or acquiescence, of any of its executive personnel. There is no competent proof before us linking any policy, instruction, or directive of the petitioner with the hereinbefore mentioned sale of 3.2 beer to Johnny Slagle by Johnny McConnell, or with any other identified, or described, sale of such beer to a minor, or with any unlawful or immoral act.

In view of the foregoing, we hold that, in entering the judgments herein complained of, the respondent District Judge exceeded his jurisdiction under section 163.11, supra. For this reason, said judgments are hereby vacated, and the orders of the respondent County Judge are reversed with directions to issue the subject permits.

HALLEY, C. J., and DAVISON, WILLIAMS, IRWIN and BERRY, JJ., concur.

HODGES, J., dissents.