Doshia JOHNSON, dba Kozy Kitchen,
Plaintiff,

v.

Hon. Mildred PATTERSON, Associate Judge
of the District Court of Logan Coun-
ty, Oklahoma, Defendant,
and
State of Oklahoma on Relation of Allen D.
Gray, Jr., Assistant District Attorney
of Logan County, Oklahoma.

No. 43852.

Supreme Court of Oklahoma.

June 9, 1970.

E. Melvin Porter, Oklahoma City, for plaintiff.

Allen D. Gray, Jr., Asst. Dist. Atty., Logan County, Guthrie, for defendant and State of Oklahoma.

McINERNEY, Justice.

Certiorari is granted in this original pro-ceeding to review a judgment of the District Court revoking a beverage license to sell beer as provided in 37 O.S.1961, § 242 for a violation of 37 O.S.1961, § 241.

37 O.S.1961, § 241 provides:

"It shall be unlawful for any person who holds a license to sell and dispense beer and/or any agent, servant, or employee of said license holder to sell, barter or give to any minor any beverage containing more than one-half of one per cent of alcohol measured by volume and not more than three and two-tenths (3.2) per cent of alcohol measured by weight. Provided, a parent as regards his own child or children, is excepted from the provisions of this Act."

The order revoking the beverage license states:

"That Doshia Johnson did violate the provisions of Title 37, Section 241, Oklahoma Statutes, by allowing beer to be sold to a minor."

The order does not state that Doshia Johnson sold beer to a minor or that any agent, servant, or employee of Doshia Johnson sold beer to a minor.

The order revoking a permit to sell non-intoxicating beverages must be based on a ground specifically enumerated in the statute, Jiffy Food Stores, Inc. v. Ferris, Okl., 402 P.2d 252 (1965); Salaney v. Ferris, 201 Okl. 236, 204 P.2d 270

(1949); and only in accordance with provisions of the law. Wray v. Oklahoma Alcoholic Beverage Control Bd., Okl., 442 P.2d 309 (1968); Oklahoma Alcoholic Beverage Control Board v. Milam, Okl., 393 P.2d 823 (1964).

The basis assigned in the order for revoking the beverage license is not enumerated in the statute, 37 O.S.1961, § 241, and, therefore, the trial court exceeded its jurisdiction when it revoked the license for the reason stated. Under these circumstances, we deem it unnecessary to determine whether the friend of the license holder was her agent when he sold a beer to a service man in uniform approximately nineteen years old.

The judgment is reversed and the order revoking the beverage license is vacated.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.

HODGES and LAVENDER, JJ., dissent.