## STATE v. STEWART.

KIDNAPPING—ASSAULT AND BATTERY—ONCE IN JEOPARDRY.—An acquittal or conviction of an assault and battery is no bar to a subsequent prosecution for kidnapping, although the two offences were committed by the same act.

IMPEACHMENT OF WITNESS—LAYING FOUNDATION—HOSTILITY.—The same foundation must be laid for the impeachment of a witness, in showing his declarations hostile to the prisoner, as in showing his contradictory statements.

APPEAL from Clatsop County.

*C. W. Fulton,* for the appellant.

*T. R. McBride,* district attorney, for the state.

By the Court, LORD, J.:

The defendant was indicted, and after trial, convicted in the circuit court of Clatsop county for the crime of kidnapping.

The defense interposed the plea of a former conviction of an assault and battery, prosecuted before a justice of the peace, an offense punishable as a misdemeanor. The plea of a former conviction, must be upon a prosecution for the same identical crime; and this depends upon the principle that no person shall be put in jeopardy twice for the same offense. (4 Blk. Com., 336.) "The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." (Gray, J.. in *Morey* v. *Com-*

*monwealth*, 108 Mass., 434.) The offense charged in the former and in the present case are not only distinct, but the evidence required to support the one would fall far short of establishing the other, and in such case, Mr. Chitty says: "It is inconsistent with reason, as it is repugnant to the rules of law to say, that the offences are so far the same that an acquittal of the one will be a bar to the prosecution of the other." (Chit. Crim. Law, 455; *Commonwealth* v. *Roby*, 12 Pick., 496.)

It is also objected that the court erred in refusing to permit George Hill to answer the question put for the purpose of impeaching and showing the hostility of the witness, James Cannon. As the object of this proof was to show hostile declarations, the ground of the court's refusal was that the foundation therefor had not been properly laid. The argument is that the same strictness of rule is not observed, nor expedient from the nature of the case, in showing hostile declarations of a witness for the purpose of affecting the value of his testimony as in admitting contradictory statement for the same purpose. The object of the proof is the same, and the same reason exists to refresh his memory with the particular facts, and affords him an opportunity for explanation. In *Baker* v. *Joseph*, the court say: "No mode of ascertaining the state of feelings of the witness exists except that disclosed by the declarations, or the acts of the witness sought to be impeached by these declarations. The same principle which assures to the witness the privilege of explanation when contradictory declarations are offered, applies to assure him the right of explanation where declarations of hostility are sought to be introduced. We can see no distinction between admitting declarations of hostility of the witness by the way of impairing the force of his testimony and admitting contradictory statement for

the same purpose; for, in either case, an opportunity should be given the witness to explain what he said." (1 Wharton Law Ev., sec. 566; *Davis, et al.* v. *Franke,* 33 Gratt., 425.)

The judgment of the court below is affirmed.

WALDO, J., concurred.