## STATE v. HOWE.

1. FORMER JEOPARDY — LARCENY OF PUBLIC MONEY — CODE, § 1772.— Section 1772 of Hill's Code specifies three acts, the commission of any one of which will constitute the crime defined, viz., (1) conversion; (2) loaning; (3) refusing to pay over; and for a prosecution on any one of these to be a bar to a prosecution for committing one of the other acts, it must appear that both charges are for the same act, or that the defendant could not possibly have been guilty of the second charge if he was innocent of the first one. Thus, where a county treasurer was indicted for larceny by conversion of public funds on a specified date, the record of his acquittal is not *prima facie* a bar to prosecution for failure to turn over the county funds to his successor in office a year later, for the acts of converting and failing to turn over constitute separate offenses: *State* v. *Stewart*, 11 Or. 52, cited and approved.

2. PLEADING FORMER ACQUITTAL — REPLY.— Criminal pleadings are governed by statute, and as there is no statutory requirement of a reply to a plea to former jeopardy, none is required.

3. AN ALLEGATION OF VALUE IN AN INDICTMENT AGAINST A PUBLIC OFFICER for failure to turn over the funds of his office to his successor is not necessary, as the presumption is that it was lawful money.

4. GRANTING A CONTINUANCE IS DISCRETIONARY with the trial court, and will be reviewed only in cases of manifest abuse: *State* v. *O'Niel*, 13 Or. 183, approved.

APPEAL from Jackson: HIERO K. HANNA, Judge.

The defendant W. E. Howe, who was treasurer of Klamath County from July sixth, eighteen hundred and ninety-two, to July sixth, eighteen hundred and ninety-four, was, on November fourteenth, eighteen hundred and ninety-four, indicted for the crime of larceny of public money, alleged to have been committed on January twenty-third, eighteen hundred and ninety-three, by con-

verting to his own use the sum of fifty-two dollars of the county funds which came into his possession and which he held by virtue of his office. Upon this indictment he was tried and acquitted. On the fifteenth of November, eighteen hundred and ninety-four, another indictment was returned against him in which it was alleged that at the expiration of his term of office he had in his possession as treasurer the sum of eight thousand dollars of the public moneys of the county, and that he "did then and there fraudulently and feloniously steal, make way with, and convert to his own use, the said eight thousand dollars, and then and there neglected and refused to pay over the the said sum of eight thousand dollars, or any part thereof, to his successor in office, as by law directed and required." When called upon to plead to this indictment, in addition to the plea of not guilty, he pleaded his acquittal under the former indictment as a bar to this prosecution, and at the trial offered in evidence the record of the proceedings therein, and it having been excluded, he again presented the same record, accompanied by an offer to show that the fifty-two dollars mentioned therein was a part of the eight thousand dollars which it is charged in the second indictment he failed to pay over to his successor. This was also excluded, and these rulings of the trial court present the important question in this case.

AFFIRMED.

For appellant there was a brief by *Messrs. C. A. Cogswell, J. W. Hamaker,* and *F. A. Cogswell,* and an oral argument by *Mr. Hamaker.*

For the state there was a brief and an oral argument by *Messrs. Cicero M. Idleman,* attorney-general, and *Henry L. Benson,* district attorney.

Opinion by MR. CHIEF JUSTICE BEAN.

It is a principle as old as the common law itself, and
which has been firmly imbedded in the jurisprudence of
nearly every state of the Union by constitutional provis-
ion, that "No person shall be put in jeopardy twice for
the same offense." It is upon this principle that the pleas
of former acquittal and of former conviction are allowed
in criminal cases. "The right not to be put in jeopardy
a second time for the same cause is as sacred as the right
of trial by jury, and is guarded with as much care by the
common law and by the constitution": BLACK, C. J., in
*Dinkey* v. *Commonwealth,* 17 Pa. St. 126. But the solution of
the question as to what facts will sustain the plea is at-
tended with difficulty, and has provoked much discussion
by the courts and text writers. The general rules upon
the subject and the tests usually applied are well settled,
but in the method of their application much contrariety
of opinion appears, owing, no doubt, to the generality
and consequent elasticity of the rules themselves. We
do not propose at this time to enter upon any elaborate
discussion of the question, but, having examined all the
authorities cited in the briefs of counsel, and as many
others bearing upon the question as were within our reach,
we shall proceed to state our view of the law applicable
to the facts in this case. All the writers seem to con-
cur that a plea of former conviction or acquittal must
be "upon a prosecution for the same identical act and
crime": 4 Blackstone's Commentaries, *336. "But," as
said by Chitty, page 455, "it is not in all cases necessary
that the two charges should be precisely the same in point
of degree, for it is sufficient if an acquittal of the one
would show that the defendant could not have been guilty
of the other." We are therefore to determine whether
the charges in the two indictments in question are for the
same identical act and offense, or, applying the test of
Mr. Chitty, whether the acquittal of the crime charged in

the first indictment shows that the defendant could not have been guilty of the crime charged in the second.

1.  It is first contended that the defendant could have committed but one crime in violating any of or all the provisions of section 1772, Hill's Code, and that after the expiration of his term of office he could be prosecuted on only one indictment for a violation of such provisions, even though it embraced all the enumerated acts; and hence the prosecution under the first indictment charging the crime to have been committed by the conversion of fifty-two dollars in January, eighteen hundred and ninety-three, was a bar to another indictment charging him with having converted to his own use and failed to pay over eight thousand dollars at the expiration of his term, eighteen months later.  This argument proceeds on the theory that the crime is under the statute necessarily a continuing offense, commencing with the first taking or misappropriation of money while in office, and ending with the failure to account for or turn over the balance in his hands to his successor at the expiration of his term.  It is settled that when embezzlement is committed by means of a series of connected transactions, a charge that the crime was committed on a certain day will cover and admit evidence of the whole, (*State* v. *Reinhart,* 26 Or. 466, 38 Pac. 822,) but when the acts constituting the crime are separate and distinct, so that the prosecution can allege and prove one distinct act which renders the offense complete, it is ordinarily to be held to the general rule that the proof must correspond with the crime charged in the indictment.  See *Edelhoff* v. *State* (Wyo.), 36 Pac. 627, for a well considered discussion of this question.  It seems to us plain that the statute defining the crime of larceny of public money clearly specifies three separate and distinct acts, the commission of either of which will constitute the crime, to wit, (1) conversion by

the party having the same in possession; (2) loaning
with or without interest; (3) neglecting or refusing to
pay over as by law directed or when lawfully demanded
(Hill's Code, § 1772); and unless two or more of these
enumerated acts are in truth only successive steps in one
appropriation they will each constitute a full statutory
offense. They are enumerated in the statute in the dis-
junctive, are of equal legal import, and *prima facie* each
charge is a separate offense. From this it necessarily
follows that a prosecution for a crime committed in either
of the three ways mentioned will not bar a prosecution
for one committed in either of the other two, unless it be
for the same identical act. A defendant could not of
course be tried for converting public money to his own
use, and afterwards prosecuted for failing to pay over
the same money as by law directed or required; or, *e con-
verso,* he could not be tried for failing to pay over public
money as by law required, and afterwards prosecuted for
converting the same money to his own use. But the fact
that he had been indicted and tried for converting a spe-
cific sum of money at a certain date during the term of
his office, would not bar a prosecution for failing to pay
over money in his hands at the expiration of his term,
unless it further appeared that both grew out of the
same identical act or transaction, and were for the same
offense. Thus, if the defendant was tried for convert-
ing certain money to his own use, and the prosecution
failed because the money did not in fact belong to the
county, such trial would be a bar to a prosecution for
failing to pay the same money over to his successor in
office, because it would be for the same act or offense;
but if he was acquitted because in fact he had not con-
verted the money, but still had it in his official capacity,
such acquittal would not bar a subsequent prosecution for
failing to pay the same money over at the expiration of

his term, for the reason that the offenses charged are
different, and grow out of a violation of separate pro-
visions of the statute.

Many tests have been announced by which the question
as to when the offense is the same can be determined, but
their application must necessarily depend largely upon
the facts of each particular case.   For instance, it is often
said and stated as a test that a conviction or acquittal
upon one indictment is a bar to a subsequent prosecution
upon another, when the facts alleged in the second indict-
ment would, if given in evidence, have warranted a con-
viction on the first, and this is the rule principally relied
upon by the defendant in this case.   But it must be ac-
cepted with some qualification, and as true only in a gen-
eral sense.   Thus, if after a conviction of assault and
battery, the injury resulted in death, the defendant, it is
held, may be prosecuted for manslaughter or murder,
although, under the facts set out in the second indictment,
he might have been convicted of the crime charged in the
first: 1 Bishop's New Criminal Law, § 1059.   So, too, in
prosecutions for the unlawful sale of intoxicating liquors,
each sale constitutes a separate offense, and although both
indictments charge a sale to the same person, and the
prosecution could support either by the same evidence,
inasmuch as the date is immaterial, yet a prosecution on
one would not be a bar to the other, unless it was for the
same act of selling: *State* v. *Ainsworth,* 11 Vt. 91.   So also
where each obstruction of a highway by a railway com-
pany constitutes a distinct offense, an acquittal on the
trial of one indictment is not *ipso facto* a bar to another,
found at the same time and charging the same character
of offense as having been committed on the same date,
although the same evidence would have supported a con-
viction on either at the election of the prosecution.   But
in such case it is only a bar to a prosecution for such of-

fense as was proven or attempted to be proven on the trial of the first indictment: *Chesapeake Railway Company* v. *Commonwealth,* 88 Ky. 368 (11 S. W. 87). So, then, it cannot be said that the rule suggested affords an infallible guide.

Another rule sometimes adopted is that the conviction or acquittal on one indictment will be a bar to another prosecution growing out of the same transaction. But this also must be taken as true in a general sense. A single act or transaction may be an offense against two statutes or against the law of two different jurisdictions, in which case one prosecution will not bar the other: *State* v. *Stewart,* 11 Or. 238 (4 Pac. 128); *Morey* v. *Commonwealth,* 108 Mass. 433. The question is not so much whether the defendant has been tried for the same act, or whether the facts alleged in the second indictment would have warranted a conviction on the first, as it is whether he has been put in jeopardy for the same offense, or some part or constituent element thereof, and the rules to be found in the books are only means for the determination of that question. As said by the learned editor of the American Decisions in an exhaustive and very instructive note to *Roberts* v. *State,* 58 Am. Dec. 537, ''The offenses charged .in the two indictments must be substantially the same, or, as we shall see, they must be of the same nature or the same species, so that the proof of one involves the proof of the other, or such that one is a part or constituent element of the other.'' Now, the two indictments against the defendant in this case were not for the same offense, *prima facie,* nor did the proof of one necessarily involve the proof of the other, nor did an acquittal on the first necessarily show that the defendant could not have been guilty of the crime charged in the other, and hence such acquittal was not a bar to a prosecution on the second indictment, unless the defendant had shown that they

were both for the same identical act, which he did not do.
The fact, if it was a fact, that the fifty-two dollars which
he was accused of converting to his own use in January,
eighteen hundred and ninety-three, but which the jury
found he did not convert, was a part of the eight thousand
dollars which the jury found he did not turn over to his
successor eighteen months afterwards, would certainly
not make the first acquittal a bar to the second indictment,
without additional proof that the failure to turn over was
on account of the same identical act which it was charged
constituted conversion in eighteen hundred and ninety-
three, for such acquittal did not in any way tend to show
that he was not guilty of the crime charged in the second
indictment.   We think, therefore, that the trial court
committed no error in excluding the testimony offered.

2.   The remaining questions in this case require but a
brief notice.   It is claimed that the court erred in refus-
ing to instruct the jury to find for the defendant on the
plea of former acquittal because the same was not formally
denied by the state.   Pleadings in criminal actions are
governed alone by the statute, (Hill's Code, § 1266,) and
while it makes provision for the manner and form of the
plea of former conviction and acquittal, (Hill's Code,
§ 1332,) it nowhere requires a reply by the state to such a
plea, nor do we think it necessary: *Vowells* v. *Commonwealth,*
83 Ky. 193; but, in view of this question, the defendant,
by going to trial on his plea without objecting that issue
had not been joined on it, waived a formal reply, even
though it were necessary: *Commonwealth* v. *McCauley,* 105
Mass. 69.

3.   It is next claimed that the indictment is fatally de-
fective because it does not allege the value of the money
which the defendant is charged with having failed to pay
over to his successor in office.   An allegation of value in

27 OR.—19.

cases of this character is usually essential to the validity of an indictment, but the rule applicable to this case seems to be that where a public officer charged with the receipt and disbursement of public moneys is accused of a violation of the statute, an allegation that he failed to pay over a specified sum of money is a sufficient allegation of value, as the presumption is that it was lawful money such as had been received for and could be used in payment of the debts of the county: *State* v. *Knox,* 17 Neb. 683 (24 N. W. 382).

4. It is also claimed that the court erred in denying defendant's motion for a continuance on account of the absence of a witness. This was a matter in the sound discretion of the trial court, with the exercise of which this court will not interfere except in case of manifest abuse of discretion, which does not appear to have been the fact in this case: *State* v. *O'Neil,* 13 Or. 183. It follows that the judgment of the court below must be affirmed.

AFFIRMED.