Decided 3 April, 1899.

## STATE v. MAGONE.

[ 56 Pac. 648]

CRIMINAL LAW—FORMER JEOPARDY.—Acquittal of a charge of malicious destruction of personal property of another, under Hill's Ann. Laws, § 1779, is no bar to a prosecution for the illegal disinterment of a human body or the remains thereof, under section 1875, though the former prosecution related to the casket in which it was inclosed: *State* v. *McCormack*, 8 Or. 236, and *State* v. *Howe*, 27 Or. 138 distinguished.

From Multnomah :  MELVIN C. GEORGE, Judge.

The facts out of which the present controversy rises are in brief, as follows :  The defendant was indicted May 25, 1897, for the crime of illegal disinterment. The indictment charges " that the said Daniel Magone, on the eighteenth day of May, A. D. 1897,  *  *  *  did willfully, feloniously, and wrongfully dig up and disinter a human body, towit, the dead body of one W. S. Ladd, deceased, which said dead body  *  *  *  [the said Daniel Magone] did willfully, feloniously, and wrongfully take, remove and carry away." Upon conviction thereof, in June, 1897, he was sentenced to the penitentiary for a period of two years, but upon appeal to this court the judgment was reversed in November following :  32 Or. 206 (51 Pac. 452). After the appeal had been taken, and while the case was pending here, towit, on the first day of July, 1897, he was again indicted for the malicious destruction of personal property.  This indictment charges that " The said Daniel Magone, on the eighteenth day of May, A. D. 1897,  *  *  *  did will-

fully and feloniously, maliciously and wantonly, injure a certain coffin, the personal property of C. A. Ladd and others, by then and there feloniously, maliciously, and wantonly cutting, sawing, and splitting and breaking, said coffin, and the glass in the top thereof, by the use of certain hooks, saws, spades, and other tools to the grand jury unknown, thereby fracturing, cracking, and breaking the glass in the top of said coffin, and cutting and breaking the top and sides and lining, and otherwise injuring and damaging said coffin.'' When the latter case was called for trial, the defendant, in connection with his plea of ''Not guilty,'' entered a plea of former conviction for the same crime charged in the indictment, setting up the conviction had on the indictment for illegal disinterment. The jury found in his favor upon the latter plea and defendant was accordingly discharged. Subsequently, and after the mandate had gone down from this court, the case at bar was brought on for hearing; and the defendant, by leave of the court first had and obtained, interposed a plea of former acquittal, setting up his acquittal upon the indictment for malicious destruction of personal property; and when at the trial the judgment roll, showing the indictment, plea, trial, and verdict in such case, was offered in evidence, an objection was made, and sustained by the court, which held, as a matter of law, that the two offenses were not the same, and former jeopardy in the one constituted no defense on the trial of the other, and instructed the jury that they must find for the state upon the plea of former jeopardy. The defendant, having been convicted, and judgment entered upon the conviction, again appeals.

                                        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Julius C. Moreland.*

For the state there was a brief over the names of *Russell E. Sewall,* district attorney, and *Roscoe R. Giltner,* with an oral argument by *Mr. D. R. N. Blackburn,* attorney-general, and *Mr. Sewall.*

MR. CHIEF JUSTICE WOLVERTON, after making the foregoing statement of facts, delivered the opinion.

The only question presented by the appeal is whether the acquittal of defendant upon the charge or indictment for malicious destruction of personal property is a bar to the prosecution on the second trial, under the indictment for illegal disinterment. The injury to the coffin was accomplished by the defendant while in the act and during the course of the disinterment and removal of the body of the late W. S. Ladd, for which offense the defendant was indicted and convicted. While the judgment in the latter case was in force the defendant was put on his trial for the injury to the coffin. To the indictment therein preferred he interposed the plea of former conviction of the same offense, referring to the judgment then standing against him for the illegal disinterment, and in this he was successful before the jury. Now, the judgment in the case at bar having been reversed on the former appeal, the defendant, upon his second trial, by leave of the court, interposed a plea of former acquittal because of his acquittal upon the charge of malicious injury to personal property, and it is urged that the court erred in not giving effect to the plea. The case presents a novelty in logic, and, at first blush, would seem to present the nonlogical fallacy of *petitio principii.* In the first instance, it is said the

defendant ought to be acquitted because he has been convicted upon another indictment for the same offense; and, in the second, that the defendant ought to be acquitted because he has been acquitted of the same offense; and yet the indictment to which the plea of *autrefois acquit* is interposed is the same upon which the former conviction was had, which conviction formed the basis of his plea of *autrefois convict*. But, however the logic may strike one, we presume that, if the defendant has secured an acquittal upon a mistrial for the same offense, the acquittal would furnish ground for the plea of *autrefois acquit* upon the retrial in the cause wherein the mistrial was had; for we must not lose sight of the constitutional guaranty that "no person shall be tried twice for the same offense." Both the plea of former conviction and former acquittal are founded alike upon that great principle and fundamental maxim of criminal jurisprudence that no man shall be twice put in jeopardy for the same offense. This is one of the ancient and well-established principles of the common law; and the constitutional guaranty was wisely designed to sanction its enforcement: *Com.* v. *Roby*, 12 Pick. 496.

There is not only a seeming but irreconcilable conflict in the authorities touching what elements or ingredients, and the nature thereof, are requisite to constitute what is termed in book lore "the same offense," and we will not at this time attempt the bootless task of reconciling them. Mr. Chief Justice BEAN, in *State* v. *Howe*, 27 Or. 138 (44 Pac. 672), says: "Many tests have been announced by which the question as to when the offense is the same can be determined, but their application must necessarily depend largely upon the facts of each particular case." Coming to the present controversy, BIDDELL, J., in *State* v. *Elder*, 65 Ind. 282, laid down a rule which has impressed us as sound, and from which one

may be adduced appropriate and applicable to its solution. He says : "When the same facts constitute two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act." And this he supports by a strong array of authorities. The rule was formulated in a case wherein the defendant was first tried for the greater offense, and his acquittal thereof was pleaded as a bar to a trial on the lesser. We have here the reverse of the proposition; but it must be conceded that the rule should apply with even greater force, as, if the greater crime does not bar the less, the less ought not to be permitted to bar the greater. Mr. Freeman, in his learned monographic note to *Roberts* v. *State*, 58 Am. Dec. 540, states the rule in a general form as follows : "Where, out of the same act, offenses of a different nature arise, susceptible of distinct and characteristic proof, they constitute distinct offenses, and the defendant may be tried twice, or as many times as there are such distinct offenses." As illustrative of the rule, see *State* v. *Gapen*, 17 Ind. App. 254 (45 N. E. 678), wherein it is held that "to try one for selling liquor in quantities less than a quart without a license permitting it, after an acquittal on a prosecution for selling to an infant founded on the same sale, is not putting him twice in jeopardy 'for the same offense.'" So, in *State* v. *Gapen*, 17 Ind. App. 254 (47 N. E. 25) : "A person is not put in jeopardy twice 'for the same offense' where he is acquitted on the charge of selling liquor to a minor and is subsequently tried for a sale without a license ; the proof necessary to convict of the offense charged in the second prosecution not being sufficient to convict in the first prosecution, though

the offenses were committed by one act.'' So, also, in *Dominick* v. *State*, 40 Ala. 680: ''An acquittal under an indictment for the larceny of goods is no bar to a subsequent prosecution for obtaining the goods by false pretenses, although the same evidence is adduced by the prosecution in each case.'' And in *State* v. *Ross*, 4 Lea, 442, it is decided that ''a plea of former conviction for the unlawful disturbance of a religious assembly 'by loud noise, profane discourses, and indecent behavior' is no defense to an indictment for an assault with intent to commit murder in the second degree by shooting at a person named with a loaded pistol, although the loud noise of the previous indictment may have been the report of the pistol in the shooting of the last indictment.'' See, also, *Irvin* v. *State*, 7 Tex. App. 78; *Morgan* v. *State*, 34 Tex. 677; *Territory* v. *Willard*, 8 Mont. 328 (21 Pac. 301); *Ruble* v. *State*, 51 Ark. 170 (10 S. W. 262); *Blair* v. *State*, 81 Ga. 629 (7 S. E. 855); *State* v. *Wheeler*, 62 Vt. 439 (20 Atl. 601); *Wilson* v. *State*, 24 Conn. 57; *Freeland* v. *People*, 16 Ill. 380; *State* v. *Martin*, 76 Mo. 337.

The two offenses with which we are at present dealing are quite distinct, one from the other. ''If any person shall willfully and wrongfully dig up, disinter, remove, or convey away any human body, or the remains thereof,'' the act constitutes an illegal disinterment (Hill's Ann. Laws Or. § 1875); while if he '' shall maliciously or wantonly, in any manner or by any means, not otherwise particularly specified in this chapter, destroy or injure any personal property of another,'' he commits an entirely different crime: Hill's Ann. Laws Or. § 1779. Now, it is perfectly patent, as was said by one of the witnesses, that it was possible for the defendant to have disintered and stolen the body from the grave with the casket without breaking or mutilating it in the least, and the casket may have been injured without disinterring

the body.  The ingredients, or constituent elements of
the two offenses are essentially different, and the same
proof is not necessary for the establishment of the one
which is essential to the support of an indictment for
the other.  It is no doubt true that, in proving the com-
mission of one of these offenses, enough might be elicited
from the witnesses to establish the other; but this could
not make the two offenses one in fact and in law:  *Teat*
v. *State*, 53 Miss. 439.

  · In support of defendant's contention, much reliance
appears to have been placed upon the following language
of Mr. Chief Justice BEAN in *State* v. *Howe*, 27 Or. 138
( 44 Pac. 672): "The question is not so much whether
the defendant has been tried for the same act, or whether
the facts alleged in the second indictment would have
warranted a conviction on the first, as it is whether he
has been put in jeopardy for the same offense, or some
part or constituent element thereof."   In support of the
position, a quotation is made from the note of *Roberts*
v. *State*, 58 Am. Dec. 537, as follows:  "The offenses
charged in the two indictments must be substantially
the same, or, as we shall see, they must be of the same
nature or species, so that the proof of the one involves
the proof of the other, or such that one is a part or con-
stituent element of the other."   The term "constituent
element," when applied to crimes, signifies an essential
or necessary ingredient; and when two offenses are so
related as to have an essential or necessary ingredient
common to both, and the proof of one involves the estab-
lishment of the other, then a conviction or acquittal of
either is a bar to a prosecution for the other; so that the
language upon which special stress is laid has relation,
and can only apply, where there are different degrees of
the same crime, such as murder in the first and second
degree and manslaughter, or where, from the very na-

ture of the transaction upon which the charge or indictment is laid, the one offense cannot be committed without involving the commission of the other also, as is illustrated by the case of *State* v. *McCormack*, 8 Or. 236. The defendant in that case was indicted for and convicted of the larceny of a saddle and bridle. Subsequently he was indicted for the larceny of a horse stolen at the same time and by the same act, and it was held that the transaction constituted but one crime. The constituent element of the one charge was the essential ingredient in the other; hence there was but one offense: *Wilcox* v. *State*, 6 Lea, 571, is another illustration, wherein it was held that a conviction of robbery is a bar to an indictment for an assault to commit murder growing out of the same offense, as the assault and violence is a common element of both cases.

The intended meaning of the language employed becomes manifest if further recourse is had to the same monographic note of *Roberts* v. *State*, 58 Am. Dec. 537. The author says (page 545): "Every offense of the same generic class,—that is, of the same nature,—though varying in the degree of the offense growing out of the same transaction, must each contain the same common, essential elements; and again, in establishing the less offense, all the circumstances of the transaction will be proved, and the whole offense committed will be placed before the jury. The acquittal will, therefore, be, in effect, an acquittal of criminal liability in the whole transaction; while, if the conviction is for a less offense than that really committed, yet the state is certainly the delinquent party." The term, "constituent element," as a necessary ingredient, is therefore applied only to crimes consisting of two or more degrees, or where, by the necessary proof of one offense, another

charge is established. Thus it is that the rule allowing the prosecution to "carve as large an offense out of a single transaction as he can, yet he must cut only once," applies to different degrees or concomitant parts of the same offense, and not to different and distinct offenses, and it is clear that it can have no application to the case at bar. The judgment of the court below will therefore be affirmed.

AFFIRMED.

Decided 29 February, 1888.