GLENN BEAMAN et al. v. STATE.

No. A-9637. June 26, 1940.
(104 P. 2d 260.)

456

E. W. Snoddy and L. Z. Lasley, both of Alva, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Bill Gruber, Co. Atty., of Alva, for defendant in error.

JONES, J.   The defendants Glenn Beaman and Calvin Snyder were charged in the county court of Woods county with the offense of unlawful possession of intoxicating liquor; each of the defendants was found guilty; the defendant Beaman was sentenced to serve 90 days in the county jail and pay a fine of $150, and the defendant Snyder was sentenced to serve 30 days in the county jail and to pay a fine of $50. One-half of the costs in the action was charged to each defendant. The defendants were jointly tried and have filed this joint appeal from the convictions against them.

The defendants before their trial filed what is designated a plea in abatement, which in effect is a plea of former jeopardy by reason of a former trial and conviction upon an information charging possession of intoxicating

liquor, which grew out of the same transaction for which the information herein was filed.

In connection with this plea, the defendant Beaman introduced as exhibits the affidavit for search warrant, the search warrant to search the automobile of the defendant Beaman, the information filed against Beaman in the county court charging him alone with the crime of unlawful possession of intoxicating liquor, the instructions to the jury in the trial of said case, and the verdict of the jury finding the defendant guilty of said offense.

The testimony of the officers making the search was that on January 5, 1938, they procured a search warrant to search the premises where the defendants lived, at what is generally known in the community as the Dan Johnston property; that they also procured at the same time a search warrant to search the car of the defendant Beaman. The testimony showed that the officers parked their automobile three or four blocks away from the premises and walked to the Snyder house, where Beaman and Snyder were living. As they approached the Snyder house, they saw Mr. Beaman coming towards his car. Beaman had in his possession a basket containing several pints of intoxicating liquor which the officers seized at that time. They went on into the house, and under the authority of the search warrant which they possessed made a search of the house and found approximately 160 pints of tax-paid liquor in a bedroom closet. The defendant Beaman was charged alone with the possession of the liquor which he had in the basket when the officers approached the premises. The defendants Beaman and Snyder were charged jointly with the possession of the liquor which was found in the house. Snyder and his wife were in the house at the time it was searched. Their defense was that they had rented the room where the liquors were found to one Hood who in turn

had sublet to Beaman, and that they had no knowledge whatsoever that liquor was stored in the closet where it was found by the officers.

Beaman was tried to a jury and convicted under the information charging possession of liquor which was contained in the basket which Beaman held at the time the officers approached the Snyder house. This conviction was affirmed by this court on appeal. Beaman v. State, 69 Okla. Cr. 159, 101 P. 2d 281.

The possession of the defendant Beaman of these liquors was all one transaction. The county attorney had no authority to divide the offense of possession of the liquors in the house from the possession of liquors just outside the house. All constituted one transaction, and one charge of possession only should have been filed. The plea of former jeopardy by the defendant Beaman should have been sustained.

Section 21 of the Bill of Rights of our Constitution, Okla. St. Ann., provides: "* * * Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

This is a universally accepted principle of the common law, and this principle has been embodied in the Federal Constitution and in all State Constitutions.

We have held that a person convicted of possession of liquor could not be convicted on another information charging the transportation of the same whisky. Snelling v. State, 41 Okla. Cr. 124, 271 P. 687.

In the case of Hourigan v. State, 38 Okla. Cr. 11, 258 P. 1057, this court held that if an accused in one act or transaction should transport or have the possession of whisky, beer, wine, and alcohol, certainly he could not be

punished for each separate item; but the possession of all would constitute but one offense. That in the constitutional provision providing that no person shall be twice put in jeopardy for the same offense, the term "same offense" does not signify the same offense eo nomine, but the same crime, act, transaction, or omission.

The state may not separate or divide an offense into different parts and punish an accused for each of such parts. If the state elects to prosecute an offense in one of its phases or aspects, it cannot afterward prosecute for the same crime, act, or series of acts under color of another name.

The transactions herein all occurred at the same time. The two occurrences cannot be separately charged any more than you could separately charge a man with separate offenses for each pint of whisky which is found on his place, when he has whisky cached at various spots over his premises. All the liquor found at that time constitutes one possession and one offense.

The defendant Snyder not having been charged in the other information, the plea of abatement should not have been sustained as to him.

Other grounds are raised for reversal of this cause by Snyder, but they are without substantial merit. The question as to Snyder's innocence was a question of fact for the jury; he was found in possession of whisky; he attempted to explain this possession. Evidently the jury did not believe the explanation Snyder gave. This court will not interfere with the verdict of the jury upon disputed questions of fact.

The judgment as to the defendant Calvin Snyder is accordingly affirmed.

460

The judgment as to the defendant Glenn Beaman is reversed, and said action is ordered dismissed as to the defendant Beaman for the reasons hereinabove related.

DOYLE, P .J., and BAREFOOT, J., concur.