Thomas Dickens, J.
The balking of a likely imminent double punishment allegedly for the same crime as that for which he was convicted by a plea of guilty in the Federal court, is the keynote of this motion by the defendant for a dismissal of the indictment in hand.
This instant indictment with specifications in 12 counts charges the defendant with varied acts of grand larceny in the first degree. Each count denominates the same type of crime, to wit, the unlawful drawing of checks on certain bank accounts. The first count, in substance, contains the charge to the effect that the defendant, on or about May 28, 1962, with intent to deprive and defraud another of property and to appropriate the same to his own use or to that of another, stole property from E. L. Bruce Co. (Inc.), to wit, a check dated May 28, 1962 of an aggregate value of $50,000, drawn on the account of E. L. Bruce Co. (Inc.) at the Franklin National Bank of Long Island, and made payable to Rhodes Enterprises, Inc. The other 11 counts contain the same type of crime committed in the same, manner, but bearing different dates, amounts, drawees, and payees. Count 1 and counts 5 to 12 pertain to checks drawn on accounts in the name of E. L. Bruce Co. (Inc.), hereinafter referred to as “ Bruce,” and counts 2, 3, and 4 relate to checks drawn on accounts of Empire Hardwood Flooring Corp., hereinafter referred to as “ Empire ’ ’.
To sustain his attack directed at this indictment as casting him allegedly in danger of the consequence of double jeopardy, the defendant maintains that he had been previously convicted of the same crimes as charged in the instant indictment, by virtue of his plea of guilty on September 25, 1964, to counts 1, 5, and 7 of an indictment with specifications in 15 counts found in the United States District Court for the Southern District of New York, at a time prior to the filing of the instant indictment.
The defendant drives the argument that his conviction by confession in open court under the first count of the Federal indictment, constitutes a bar to the instant State prosecution, because all the accusations of grand larceny, first degree (counts 1 to 12) of the indictment here, comprise the same act encompassed in the first connt of the Federal indictment.
Such first count of the Federal indictment taxes the defendant with a violation of section 1343 of title 18 of the United States Code, popularly known also as the “wire fraud” statute. This count, in substance, points to his having devised and to his having intended to devise a scheme or artifice to defraud *320 and to obtain money and property by false pretenses, etc., from Bruce in that he would, without authorization from Bruce and for his own use and benefit, cause funds of Bruce, aggregating $1,953,000, to be transferred to Rhodes Enterprises, Inc. and to Empire. As an integral part of the scheme, he would have the aforesaid moneys belonging to Bruce forwarded to certain business entities here and abroad in satisfaction of his own obligations. Then again, for the purpose of executing this scheme, he “ did unlawfully, wilfully, and knowingly transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals and sounds, to wit, a cable from Vanden Broeck, Lieber & Company in New York, N. Y., to Financiere Du Mont-Blanc in Geneva, Switzerland” (count 1, p. 4).
The contention of the defendant indicates that while the instant indictment charges him in count 1 and in counts 5 through 12 with defrauding Bruce of $1,958,000, and in counts 2, 3, and 4 with defrauding Empire Hardwood Flooring Corp. of $400,000, the former sum less $5,000 was returned to Bruce (see counts 11 and 12 of the instant indictment); and also the balance of $5,000 was returned to Bruce. As a result, the sum of $1,958,000, as set forth in the first count of the Federal indictment, is the exact amount upon which the State court indictment should be predicated. (It is not necessary, however, to detail the corporate financial ramifications as a subject for a ruling on the defendant’s motion.)
The apropos statute involving the crime charged in the Federal indictment and those involving the crimes in the State court indictment, are as follows:
§ 1343. Fraud by wire, radio, or television. ‘ ‘ Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both.”
Penal Law, § 1290. ‘ ‘ Larceny defined. A person who, with the intent to deprive or defraud another of the use and benefit of property or to appropriate the same to the use of the taker, or of any other person other than the true owner, wrongfully takes, obtains or withholds, by any means whatever, from the possession of the true owner or of any other person any money, personal property, thing in action, evidence of debt or contract, *321 or article of value of any kind, steals such property and is guilty of larceny.
‘' Hereafter it shall be immaterial in, and no defense to, a prosecution for larceny that: 1. The accused obtained possession of, or title to, such property with the consent of the person from whom he obtained it, provided he induced such consent by a false or fraudulent representation, pretense, token, or writing; or
“ 2. The accused in the first instance obtained possession of, or title to, such property lawfully, provided he subsequently wrongfully withheld or appropriated such property to his own use or the use of any person not entitled to the use and benefit of such property; or
' ‘ 3. The person from whom the accused obtained such property intended to part with title to, as well as possession of, such property, or with possession as well as title ”.
Penal Law, § 1294. ‘ ‘ Grand larceny in first degree. A person is guilty of grand larceny in the first degree, who steals, or unlawfully obtains or appropriates, in any manner specified in this article: * * *
“ 3. Property of the value of more than five hundred dollars, in any manner whatever.”
Penal Law, § 33. “ Foreign conviction or acquittal a defense. Whenever it appears upon the trial of an indictment, that the offense was committed in another state or country, or under such circumstances that the courts of this state or government had jurisdiction thereof, and that the defendant has already been acquitted or convicted on the merits upon a criminal prosecution under the laws of such state, or country, founded upon the act or omission in respect to which he is upon trial, such former acquittal or conviction is a sufficient defense.”
Code of Criminal Procedure, § 139. “ Conviction or acquittal in another state, a bar, where the jurisdiction is concurrent. When an act charged as a crime is within the jurisdiction of another state, territory or country, as well as within the jurisdiction of this state, a conviction or acquittal thereof in the former, is a bar to a prosecution or indictment therefor in this state.”
The issue before the court turns upon this point: Does the crime set forth in the first count of the indictment of the Federal court consist of the same act that now constitutes the basis of each count in the indictment of the State court? The test goes by or considers the evidence required under the statute, not the theory of the pleader (People v. Silverman, 281 N. Y. 457 [1939]). In People v. Lo Cicero (14 N Y 2d 374 [1964]) the Court of *322 Appeals held that both section 33 of the Penal Law and section 139 of the Code of Criminal Procedure, bar in the State court the prosecution of offenses which had previously been the bases of Federal prosecutions.
In that case, the defendant was charged with hijacking, the nature of which was that he and others had, by a robbery, obstructed the movement of goods in interstate commerce. He was acquitted on that charge. Prior to that trial he was indicted in the County Court of Kings County for the same robbery and the included offenses of larceny and assault, and kidnapping. The court held (p. 379) that his plea of double jeopardy was a bar to the Kings County Court prosecution, “ Since the first count of the present indictment charges appellant with the same robbery of which he was acquitted in the Federal court, the count must fall. The additional element of obstruction of interstate commerce, necessarily present in the Federal indictment, does not diminish the substantial identity of the two charges. (People ex rel. Liss v. Superintendent, 282 N. Y. 115; People v. Mangano, 269 App. Div. 954, affd. 296 N. Y. 1011, supra.) The second count, charging grand larceny in the first degree (theft of the contents of the truck — Penal Law, § 1294, subd. 3), and the third count, charging assault in the second degree (with the intent to commit the larceny and robbery — Penal Law, § 242, subd. 5), are legally constituent elements of the crime of robbery and factually refer to the same acts that formed the basis of the Federal robbery indictment. Accordingly, since appellant could have been convicted of those two crimes under the Federal indictment, he may not again be placed in jeopardy for them [citations] ”. The kidnapping count in the indictment was retained and remanded for trial as the Federal prosecution did not include that separate offense.
The difficulty in determining the identity of offenses is delineated in People v. De Sisto (27 Misc 2d 217 [Kings County Ct., 1961], revd. sub nom. People v. Lo Cicero, 17 A D 2d 31 [2d Dept., 1962], mod. 14 N Y 2d 374). An analysis of the statutes under which the successive prosecutions are brought is required and of the evidence in proof of the offenses.
The elements of the wire fraud statute (U. S. Code, tit. 18, § 1343) are: (1) a scheme to defraud and (2) the use of interstate or foreign wire facilities. These are necessary for the purpose of carrying out the execution of the scheme (Roberts v. United States, 226 F. 2d 464 [C. A. 6th, 1955], cert. den. 350 U. S. 935; Huff v. United States, 301 F. 2d 760 [C. A. 5th, 1962], cert. den. 371 U. S. 922; United States v. Whiting, 308 F. 2d 537 [C. A. 2d, 1962]; Lindsey v. United States, 332 F. 2d 688 [C. A. *323 9th, 1964]; cf. Pereira v. United States, 347 U. S. 1 [1954]; Lemon v. United States, 278 F. 2d 369 [C. A. 9th, 1960] cases concerned with the mail fraud statute [U. S. Code, tit. 18, § 1341]). In United States v. Whiting (supra, p. 540) the court made this observation: “ Although no money was ever paid out to the defendants by the Banco do Brasil, the fact that a scheme to defraud fails of its purpose is not a defense. Hoffman v. United States, 249 F. 2d 338, 341 ”. And in United States v. Bagdasian (291 F. 2d 163 [C. A. 4th, 1961]) the court noted that it was not an essential part of the wire fraud statute for an indictment to allege that the defendant converted the money to his own use.
The fact that the Federal indictment charges the defendant with having devised or with having intended to devise a scheme to defraud or to obtain money or property by means of false or fraudulent pretenses, does not mean that the Government was required to establish a larceny in order to convict the defendant. As pointed out heretofore, it is the unlawful scheme and the use of interstate or foreign telephonic, telegraphic, or electronic means of effectuating the scheme that form the gist of the crime.
An analogy may be drawn from the holding in People ex rel. Maurer v. Jackson (2 N Y 2d 259, 264 [1957]) which involved the construction of section 1938 of the Penal Law regarding the imposition of successive sentences: “It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction [citing cases]. It is also not open to dispute that if there were merely a single inseparable act violative of more than one statute, or if there were an act which itself violated one statute and was a material element of the violation of another, there would have to be single punishment [citing cases]. ’ ’ Thus, if proof of the larceny were a material element for a conviction under section 1343 of title 18 of the United States Code, there would be force to the defendant’s contention here. But where separate and distinct acts are required for a wrie fraud prosecution as distinguished from the proof required under a grand larceny first degree charge, it cannot be gainsaid that proof under the statutes involved does not require the same material element of proof, that is, a larceny.
Inasmuch as the instant indictment charges the defendant with the crimes of grand larceny in the first degree, and inasmuch as such crimes do not constitute the same act upon which the Federal court indictment is founded, and inasmuch as proof of *324 a larceny is not a material element of the Federal court indictment, the court holds that the defendant has failed to sustain the burden of proving that he is being “ twice vexed for the same cause ” (People v. Lo Cicero, 14 N Y 2d 374, 378, supra).
The court concludes, therefore, that the instant indictment does not violate the rule, “ No one is twice punished for the same offense ” (Ballentine’s Law Dictionary [English Translation], p. 860). The motion is denied.