**Kerry Leonard HAWK, Billy Terrell Davis, Preston Gardner Lewis, Charletta Wilson, Charles Raymond Johnson, Jerry D. Frazier, Robert David Henderson, Petitioners,**

**v.**

**Judge Clarence MILLS, Judge of the District Court of Oklahoma County, and the District Court In and For Oklahoma County, Respondents.**

**No. A–16107.**

Court of Criminal Appeals of Oklahoma.

Oct. 14, 1970.

Charles F. Cox, Jr., Carroll Samara, Frank Courbois, Dave Kisner, Arnold Britton, and David Cook, Oklahoma City, for petitioners.

Curtis P. Harris, Dist. Atty., Clinton D. Dennis, Asst. Dist. Atty., Oklahoma County, for respondent.

NIX, Judge:

This is an original proceeding for a writ of prohibition requesting that the respondent herein be directed to dismiss pending charges against the petitioners and release them from further proceedings on said charges.

It appears that on February 21, 1970, at approximately 11 P.M., a search warrant was served on the occupants of a residence in Oklahoma City. A search of the residence by police officers allegedly disclosed LSD, amphetamines, barbiturates, marihuana and narcotics. The petitioners Davis, Lewis, Johnson, and Henderson were present at the residence at the time of the search and were placed under arrest. A short time after the warrant was served, the petitioner Wilson arrived at the residence and was also placed under arrest. The petitioner Hawk was arrested at approximately 11:45 P.M. at a service station in Oklahoma City some distance from the scene of the search. Petitioner Hawk at the time of his arrest was searched but no drugs were disclosed on him or in his car.

Three days after the arrest the state filed five separate charges against each of the petitioners based on the evidence disclosed by the search. Case number CRM 70–195 charged each of the petitioners with possession of barbiturates. Case number CRM 70–196 charged each of the petitioners with possession of a stimulant (LSD). Case number CRM 70–194 also charged each of the petitioners with possession of a stimulant (amphetamines). Case number CRM 70–194 and CRM 70–196 were combined by the state into one case

using the number 70–196. Case number CRF 70–530 charged each of the petitioners with possession of marihuana. Case number CRF 70–531 charged each of the petitioners with possession of narcotics. Subsequently all the petitioners were dismissed on the narcotics charge CRF 70–531 except petitioner Wilson.

Petitioners Hawk, Davis, Lewis, Henderson and Wilson went to trial on the charge of possession of stimulants (LSD and amphetamines) CRM 70–196. The jury returned verdicts finding Hawk not guilty and finding the other petitioners guilty as charged.

The petitioners seek to envoke the collateral estoppel doctrine in claiming that the verdicts on the stimulant possession charge CRM 70–196 is a bar to further prosecution and other grounds which require no comment at this time.

█ We find the doctrine of collateral estoppel to be applicable regarding Petitioner Hawk, in view of the recent decision by the United States Supreme Court in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. The ultimate question decided in *Ashe* was that the federal rule of collateral estoppel was embodied in the Fifth Amendment guaranty against double jeopardy which is binding on the states by virtue of Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, and entitled to retroactive application. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.

█ In Ashe v. Swenson, six men engaged in a poker game were robbed by three or four masked gunmen. After being acquitted of the robbery of one of the players, the defendant Ashe was tried for the robbery of one of the other robbery victims. Although substantially the same, the state's evidence was stronger in the second trial and Ashe was found guilty. The Supreme Court held that the second trial was impermissible and set the conviction aside holding that since the single issue in dispute before the jury on the first trial was whether the defendant had been one of the robbers, the federal rule of collateral estoppel barred a subsequent trial on that issue. The Court held:

" 'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this Court's decision more than 50 years ago in United States v. Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161, [3 A.L.R. 516]. * * *

The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' The inquiry 'must be set in a practical frame, and viewed with an eye to all the circumstances of the proceedings.' "

█ A straightforward application of this rule to the present case can lead to but one conclusion. Petitioner Hawk was not at the residence at the time of the search and was arrested later several miles from the residence. In the trial the state attempted to show Hawk was a resident of the house or at least a frequent visitor. The critical issue was one of possession of the drugs seized at the residence by virture of the search of the residence on the night in question. The issue of possession by the Petitioner Hawk has been adjudicated. If Hawk was not in possession of

the stimulants found at the residence, he was not in possession of other drugs found at the residence at the same time and place. Thus the issue of possession of the contraband by Petitioner Hawk found at the residence has been determined and "that issue cannot again be litigated between the same parties in any future lawsuit." Petitioner Hawk, after his acquittal, cannot be forced to "run the gantlet" a second time regarding the same issue of fact.

According, Petitioner Hawk's acquittal of possession of stimulants is a collateral estoppel bar under the Fifth Amendment to a charge of possession of any of the other drugs seized at the same time and place. The Respondent is hereby directed to dismiss Case No. CRF 70–530 (marihuana possession) and CRM 70–195 (barbiturates possession) as to Petitioner Hawk; and the state is collaterally estopped from further prosecution of Hawk on these charges.

We do not find it necessary to express an opinion regarding the other petitioners at this time other than to hold that prohibition should not be granted.

Writ granted to Petitioner Hawk: denied to other petitioners.

BRETT, P. J., concurs.

BUSSEY, J., not participating.