**William Max BRANCH, Petitioner,**

v.

**Clarence L. MILLS, Judge of the District Court, Oklahoma County, State of Oklahoma, Respondent.**

**No. A–17502.**

Court of Criminal Appeals of Oklahoma.

Aug. 16, 1972.

Robert J. Boone, Oklahoma City, for petitioner.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for respondent.

OPINION

SIMMS, Judge:

Petitioner, William Max Branch, seeks Prohibition against the District Court of Oklahoma County from proceeding against him to jury trial, following preliminary hearing, on the felony charge of Unlawful Possession of Hashish with Intent to Distribute, Oklahoma County Case No. CRF-72-568. Petitioner's theory is the hashish charge arose out of a single, continuing transaction involving two misdemeanors, to which misdemeanors petitioner has previously pled guilty and been sentenced. Petitioner specifically contends that to place him on trial on the felony charge amounts to placing him twice in jeopardy for the same offense.

Writ denied.

Evidence at the preliminary hearing indicated that Robert Shahan, an Oklahoma City Police Officer, on March 9, 1972, at approximately 5:15 P.M., went to an address designated as 3419-½ North McKinley, armed with an arrest warrant for the petitioner for the offense of Unlawful Distribution of a Controlled, Dangerous Drug. The defendant was apprehended in the front yard of that address. Following the apprehension, a search of his person by the officers disclosed a small tinfoil packet containing a dark-like substance, in petitioners' right front jeans pocket. At this point in time, Officer Shahan "also placed him under arrest on this" (Prelim.Trans. 9).

According to the preliminary hearing record, on the way to the police station, Officer Shahan, while helping the petitioner put a billfold in petitioners shirt pocket, discovered six other tin-foil wrapped packages in the shirt pocket, which he seized from petitioner and put in a packet marked "Sealed No. 4020".

After petitioner was booked in the Oklahoma City Police Department, the arresting officers obtained a search warrant for the residence at the address above de-

scribed, went back to this designated address, and searched the house and found marijuana therein. The exact amount of time which elapsed between the arrest of the person of petitioner, and the execution of the search warrant to search his home is not clear from the record, however, it appears the search warrant was executed within a period of one to two hours following the arrest of petitioner.

Petitioner was subsequently charged in Case No. CRM–72–383 with the offense of Unlawful Possession of Controlled Drugs (amphetamines); CRM–72–384, Unlawful Possession of Marijuana (the marijuana found in the house, and CRF–72–568, Unlawful Possession of Hashish with Intent to Distribute (the hashish taken from the person of the petitioner).

Petitioner entered pleas of guilty to the offense involving amphetamines and the marijuana found in his home.

Oklahoma's Constitutional provision relating to double jeopardy reads:

"Nor shall any person be twice put in jeopardy of life or liberty for the same offense." Const. Art. II, § 21.

Title 22, O.S.1971, § 14, provides:

"No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and duly convicted or acquitted, except as hereinafter provided for new trials."

Title 22, O.S.1971, § 522, provides:

"When the defendant shall have been convicted or acquitted upon an indictment or information, the conviction or acquittal is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information."

Petitioner relies, in addition to the Oklahoma Constitutional and statutory provisions, upon the cases of Beaman v. State, 69 Okl.Cr. 455, 104 P.2d 260; State v. Hunt, Okl.Cr., 330 P.2d 756; Heldenbrand v. Mills, Okl.Cr., 476 P.2d 375; Estep v. State, 11 Okl.Cr. 103, 143 P. 64; Householder v. Ramey, Okl.Cr., 485 P.2d 247.

A careful and close reading of the opinions relied upon by petitioner to establish his claim of double jeopardy reveal that there is a vital fact distinction between these cases and the case at bar.

In Beaman v. State, supra, officers obtained a search warrant for defendants' premises, as well as a warrant to search the automobile belonging to Beaman. As the officers approached the house to be searched, they saw Beaman coming toward his car with a basket containing several pints of intoxicating liquor which the officers seized. They thereafter went directly into the house, under authority of the search warrant, and the search revealed approximately 160 pints of tax paid liquor in a bedroom closet. The county attorney filed one charge against Beaman for the liquor contained in the basket and a separate charge against Beaman for the liquor found in the house under the search warrant.

Beaman was tried to a jury and convicted under the information charging possession of the liquor which was contained in the basket which Beaman held at the time the officers approached the house.

Before trial on the information accusing Beaman of possession of liquor found in the house, Beaman entered a plea of former jeopardy by reason of the former trial and conviction upon an information charging possession of intoxicating liquor, which grew out of the same transaction for which the information upon which he was to go to trial was filed.

This Court held that the county attorney had no authority to divide the offense of possession of the liquors in the house and the possession of liquors just outside the house. All constituted one transaction, and

one charge of possession only should have been filed.

We observe, in *Beaman*, supra, that the acts of the officers was uninterrupted and that they went directly from the place where Beaman was found to have liquor in the basket into the house. We also must emphasize that *Beaman* is distinguishable from the case at bar, in that the *elements of proof* necessary to both possession charges were identical.

State v. Hunt, supra, is distinguishable, as well, from the petitioners case, in that there was one single act of sale by defendant Hunt to four different high school boys, all minors, who purchased 3.2 beer from defendant. In *Hunt,* supra, this Court sustained a plea of double jeopardy against prosecution for sale to each of the four high school boys.

Hawk v. Mills, Okl.Cr., 476 P.2d 86, cited by petitioner in his brief deals with the applicability of the theory of collateral estoppel to criminal proceeding as established by the United States Supreme Court in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. *Hawk,* supra, dealt with various types of drugs seized as a result of a single search of a residence. After trial by a jury, which jury found the defendant Hawk to be not guilty of the offense of possession of certain drugs, the state attempted to prosecute him for possession of a different type and description of drugs found in the single search. This Court properly held the theory of collateral estoppel to apply.

The theory of collateral estoppel cannot be enlarged to encompass the facts of the case at bar, when there are two searches, separate in time and under different authority.

Householder v. Ramey, Okl.Cr., 485 P.2d 247, deals with the subject of indivisibility of a continuing act and uninterrupted course of conduct on the part of an accused which results in the commission of two or more crimes, where subsequent criminal acts committed during the continuing course of conduct of the defendant are necessarily included in and become an essential *element of the proof* of the dominant crime, to-wit: Kidnapping for the purposes of rape, and a subsequent rape of the person kidnapped.

*Householder,* supra, is clearly distinguishable on its face from the case at bar.

■ Although citing Estep v. State, supra, petitioner overlooks syllabus number three by the Court:

"Under the constitutional guaranty not to be twice put in jeopardy, the decisive test on a plea of former jeopardy is whether the same testimony will support both charges. Otherwise stated, the offenses are the same whenever evidence adequate to one information will equally sustain the other."

In dealing with the subject of the applicability of a double jeopardy plea where two offenses arise out of the same transaction, we find a clear statement of the law in Hattaway v. United States (C.A.5, Fla.), 399 F.2d 431:

"For a double jeopardy claim to be viable, it must be shown that the two offenses charged are in law and in fact the same offense. * * * Offenses are not the same if, upon the trial of one, proof of an additional fact is required that is not necessary to be proved in the trial of the other, although the same acts may be necessary to be proved in the trial of each."

■ As well, we find that prosecutions for separate offenses based on the same transaction do not involve double jeopardy where there are *distinct elements* in one offense that are not included in the other. State ex rel. Percy v. Erickson, S.D., 158 N.W.2d 241.

More pointedly, a conviction upon a plea of guilty in one prosecution does not constitute jeopardy so as to bar a prosecution for another offense where the elements of

the two offenses are different. People v. Gilbert, 44 Misc.2d 318, 253 N.Y.S.2d 656.

An examination of the authorities leads one to the conclusion that the various appellate courts throughout the United States have adopted, generally two tests to determine whether or not a valid plea of former jeopardy may be answered. These tests are referred to as (1) "The same evidence test" and (2) "The same transaction test." These tests are discussed at length in State v. McDonald, 231 Or. 48, 365 P.2d 494 (1961):

"Thus, to constitute a valid plea of former jeopardy, two distinct factors at least must be shown to concur—the same act and the same statutory offense.

\* \* \* \* \* \*

In identifying whether or not the act or acts charged constitutes single or multiple crimes, the courts apply two tests. The first, and prevailing rule in the majority of jurisdictions, is known as the 'same evidence test.'

\* \* \* \* \* \*

The second test applied quite sparingly and known as the 'same transaction test' is also referred to in State v. Howe, supra, 27 Or. 138, 144, 44 P. 672 \* \* \*."

The same transaction is usually to be found in a continuing crime. Such a crime has been defined as a 'continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy.' Armour Packing Co. v. United States, 8 Cir., 153 F. 1, 5, 82 C.C.A. 135, 14 L.R.A.,N.S., 400, affirmed 209 U.S. 56, 28 S.Ct. 428, 52 L.Ed. 681. An example of a crime of this nature is to be found in the continuous and uninterrupted transportation of the same identical liquor through several counties."

Thus, if we apply either the "same evidence" or the "same transaction" test as "same transaction" test is defined in Mc-Donald, supra, the defendants plea of double jeopardy must fail.

The proof necessary to a conviction for the offense of Possession of Controlled Dangerous Drugs With Intent to Distribute is different from that of simple Possession of Marijuana, in that, there must be evidence indicating the petitioner did have the intent to distribute as a material element of the alleged crime.

Referring to Beaman, supra, we observe that the evidence necessary to the conviction of possession of the liquor in the basket as well as those in the house would be the same as distinguished from the element of proof necessary to conviction of Possession of Controlled Dangerous Drugs With Intent to Distribute.

The facts of this case hardly fall within the "same transaction test" as that term is defined by the Supreme Court of Oregon. The contraband in question was found in different physical states, separated in time and distance, and the hashish packaged in tin foil as distinguished from unrefined marijuana found in the house. All of which negates the "single impulse", "unintermittent force" tests.

We therefore conclude that the petitioner, under the facts of this particular case, may not avail himself of a plea of double jeopardy.

This Application for Writ of Prohibition is, accordingly, denied.

BUSSEY, P. J., concurs.

BRETT, J., dissents.

BRETT, Judge (dissents):

I must respectfully dissent. As I understand the facts, the police pursuant to an arrest warrant arrested petitioner in the front yard of his residence. An initial search of his person revealed one packet of marihuana (hashish). Then in the police car six other packets of marihuana (hashish) were found on his person. These seven packets of marihuana form the basis for the felony prosecution of unlawful posses-

sion of marihuana with intent to distribute (CRF 72–568). After petitioner was placed in jail the officers returned to petitioner's residence and made a forceful entry pursuant to a search warrant. This search disclosed more marihuana which was the basis of the misdemeanor prosecution for possession of marihuana (CRM 72–384), and disclosed amphetamine which was the basis of the misdemeanor prosecution for unlawful possession of amphetamine (CRM 72–383).

The thrust of the majority opinion is that the felony prosecution is not barred by petitioner's misdemeanor conviction for possession of marihuana, since the offenses are different as the felony charge requires additional evidence indicating the petitioner had the intent to distribute. Thus it is immaterial, reasons the majority, whether the "same evidence" or "same transaction" test is applied citing the Oregon Supreme Court's decision in State v. McDonald, 231 Or. 48, 365 P.2d 494 (1961). It is interesting to note that the Oregon Supreme Court in a more recent decision has held that "the 'same evidence' test does not provide adequate protection, under modern conditions, from the evils contemplated by the double jeopardy guarantee." Thus "violations may be the 'same offense' for purposes of testing a second prosecution, even though each contains different elements and requires proof of different facts." State v. Brown, 497 P.2d 1191, 1196 (Or.1972).

Although a charge of transportation of marihuana requires proof of evidence beyond mere possession of the marihuana, it has been held that a defendant's "possession and transportation of marihuana was an indivisible course of conduct with a single objective." Thus the defendant could not be punished for both offenses arising out of the same incident. People v. Solo, 8 Cal.App.3d 201, 208, 86 Cal.Rptr. 829, 834 (1970).

Without belaboring the point, I am of the opinion that the marihuana found in the possession of petitioner on his person when arrested at his residence, and inside his residence on the same day by the same officers, should support only one conviction. The fact that the marihuana was discovered in different locations within a matter of hours does not allow segmentation of the unlawful possession for the purpose of more than one prosecution. Surely if unlawful contraband of the same kind was found in two different rooms of the same house on the same day it would not support two prosecutions. There is no difference, in my view, where the contraband is found partly on defendant's person while in the yard of his residence and partly inside his residence. There was essentially only one unlawful possession.

It has been held that where a person is in unlawful possession of stolen property, stolen from two different owners at different times, there can be only one prosecution for receiving the stolen property. People v. Lyons, 50 Cal.2d. 245, 324 P.2d 556 (1958); 28 A.L.R.2d 1182, 1184. If part of the stolen property was found inside the defendant's house and part of it in the back yard, there still would be but one offense.

Nor do I think that finding the marihuana inside petitioner's house a short time after the discovery of marihuana on his person allows segmentation of his possession to allow two prosecutions. The discoveries were substantially contemporaneous in time. ´It has been held that where a person made a delivery of heroin and then a second delivery of heroin on the same day to the same purchaser, the "course of criminal conduct during the two hours from 9 until 11 P.M. was a single transaction." Thus there could be only one conviction as the "two acts of delivery were substantially contemporaneous in time." In re Johnson, 65 Cal.2d 393, 54 Cal.Rptr. 873, 874, 420 P.2d 393, 394 (Cal.1966).

Title 21 O.S.1971, § 11, provides in relevant part:

"[A]n act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions . . .

but in no case can he be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other."

"It is significant that this statute speaks of an 'act or omission' while the double jeopardy prohibition speaks of a conviction or acquittal of an 'offense' as being a bar to another prosecution for the same 'offense.' If an 'act' violates two different laws, it may be two 'offenses' under double jeopardy interpretation, but Section 11 prohibits a single act being punished more than once under different statutes." Shackelford v. State, Okl.Cr., 481 P.2d 163, 165 (1971). Even if double jeopardy is not a bar to this prosecution, as the majority opinion recites, I believe the provisions of 21 O.S.1971, § 11 do constitute such bar to trial.

In the instant case the possession of marihuana, whether for personal use or possessed with intent to distribute, was all of the same substance and was admittedly possessed by the same person on the same premises. Therefore the question presented by this matter is whether defendant can be punished for possession of marihuana and be additionally punished for the intent to distribute a part of the same substance.

The State has sole discretion in deciding what prosecutions to file. If the State believed the amount of marihuana found on petitioner's person and in his residence indicated the intent to distribute, they should have elected to prosecute for the felony offense of possession with intent to distribute, and not filed the misdemeanor offense of mere possession. Petitioner's criminal possession of marihuana should be punished, but only once, and the State in its discretion may elect the most appropriate charge. Since the State filed the misdemeanor possession charge and allowed petitioner to be convicted for that offense, that conviction is, in my view, a bar to further prosecution for the same possession albeit under another name. Therefore, I would grant the writ, as prayed for.